| LAWS OF PROTECTION | |
| & Violations | |
|---|---|
| Constitutional 1st Amendment | Freedom of Speech |
| Constitutional 5th Amendment | |
| Constitutional 14th Amendment | Due Process & Equal Protection |
| **18 USC §1505** | **Obstruction of proceedings before a judiciary** |
| **18 USC §241** | Conspiracy against civil rights |
| **18 USC §242 –** | Deprivation of civil rights under the color of law, |
| Minnesota Statute Section 481.07 Penalties for Deceit or **Collusion** | A secret agreement, especially for fraudulent or treacherous purposes; conspiracy: Some of his employees were acting in collusion to rob him. Law. a secret understanding between two or more persons to gain something illegally, to defraud another….It's where two persons (or business entities through their officers or other employees) enter into a deceitful agreement, usually secret, to defraud and/or gain an unfair advantage over a third party, competitors, consumers or those with whom they are negotiating. Collusion can include secret price or wage fixing, secret rebates, or pretending to be independent of each other when actually conspiring together for their joint ends. It can range from small-town shopkeepers or heirs to a grandma's estate, to gigantic electronics companies or big league baseball team owners. |
| Minnesota Statute 2010 StatutesChapter 481Section 07 **481.07 Remedies PENALTIES FOR DECEIT OR COLLUSION.** | **An attorney who, with intent to deceive a court or a party to an action or judicial proceeding, is guilty of or consents to any deceit or collusion, shall be guilty of a misdemeanor; and, in addition to the punishment prescribed therefor, the attorney shall be liable to the party injured in treble damages. If the attorney permit any person other than a general law partner to begin, prosecute, or defend an action or proceeding in the attorney's name, the attorney giving such permission, and every person so using the name, shall forfeit $50 to the party against whom the action or proceeding is prosecuted or defended, recoverable in a civil action.** |


SCANNED
JAN 14 2013
U.S. DISTRICT COURT MPLS

From: Kimberly.L.Nevels@hud.gov
To: dannezhunter@hotmail.com
Date: Tue, 14 Aug 2012 09:08:13 -0400
Subject: RE: What document is needed to suit you?

I cannot issue any document to you. If you want to file a civil lawsuit, go to court, file a complaint and do so. Typically the court will have a pro se desk and someone will advise you on what to do to file said complaint. "Right to sue" letters are issued by EEOC, not HUD.

Kimberly Nevels

Intake Branch Chief

HUD/FHEO

# Exhibit A1

minneapolis craigslist > washington/WI > housing > apts/housing for rent        email this posting to a friend

*Stating a discriminatory preference in a housing post is illegal - please flag discriminatory posts as prohibited*

**Avoid scams and fraud by dealing locally!** Beware any arrangement involving Western Union, Moneygram, wire transfer, or a landlord/owner who is out of the country or cannot meet you in person *More info*

please flag with care: [?]

miscategorized

prohibited

spam/overpost

best of craigslist

# $920 / 2br - 970ft² - Modern Townhome w/ Private Entry, Garage Open For Dec/Jan.~~~~~~~ (woodbury)

Date: 2012-11-26, 1:03PM CST

Reply to this post    xpmmm-3435957314@hous.craigslist.org[2]

Modern 2 Bedroom Townhome available Dec 15th or Jan 1st for $920/month. Private Entry with Attached Garage Walk in closets, Vaulted ceiling and Great view!!! Security deposit is $920. Application fee $45/per adult, Background Criminal/Credit/Landlord Check Required. Income restrictions apply. Call for more details or to set up a showing 651-702-0775.




Exh. 700

- Location: woodbury
- it's NOT ok to contact this poster with services or other commercial interests

HIPPAA Required
Release of Information Form

*Name of person or entity to have the following information:*

- Release all records and information requested on reverse side.

By signing this form:

- I agree that clinic/physician(s)/pharmacy and hospital may release information about me to the Washington County HRA.

- I have the right to cancel this release in writing at any time.

- I understand and agree that even if I cancel this release, information might have already been shared before I canceled the release.

- Any information used or disclosed may no longer be protected by law. It may also be subject to re-disclosure by the person or organization receiving it.

- I understand that I do not have to sign this release.

- If I do not sign this release, it will not affect any health coverage. However it could affect program eligibility with the Washington County HRA.

- I understand that the information released will inform the Housing Authority about my medical history.

- I understand and agree to the terms in this release form.

**This release will expire 14 months from date of client's signature.**

_____          _____
*Signature of Individual authorizing release*          *Date*

_____          _____
*Signature of witness (if required)*          *Date*

_____          _____
*Signature of parent, guardian or authorized representative*          *Date*
*(if required)*

Exh. 600

**Authorization for the Release of Information/**
**Privacy Act Notice**

to the U.S. Department of Housing and Urban Development (HUD)
and the Housing Agency/Authority (HA)

U.S. Department of Housing
and Urban Development
Office of Public and Indian Housing

| PHA requesting release of information: (Cross out space if none) (Full address, name of contact person, and date) | IHA requesting release of information: (Cross out space if none) (Full address, name of contact person, and date) |
|---|---|
| Washington County HRA 321 Broadway Avenue St. Paul Park, MN 55071 (651) 458-0936 x550  Contact: Corina Serrano, Housing Specialist   Date: | |

**Authority:** Section 904 of the Stewart B. McKinney Homeless Assistance Amendments Act of 1988, as amended by Section 903 of the Housing and Community Development Act of 1992 and Section 3003 of the Omnibus Budget Reconciliation Act of 1993. This law is found at 42 U.S.C. 3544.

This law requires that you sign a consent form authorizing: (1) HUD and the Housing Agency/Authority (HA) to request verification of salary and wages from current or previous employers; (2) HUD and the HA to request wage and unemployment compensation claim information from the state agency responsible for keeping that information; (3) HUD to request certain tax return information from the U.S. Social Security Administration and the U.S. Internal Revenue Service. The law also requires independent verification of income information. Therefore, HUD or the HA may request information from financial institutions to verify your eligibility and level of benefits.

**Purpose:** In signing this consent form, you are authorizing HUD and the above-named HA to request income information from the sources listed on the form. HUD and the HA need this information to verify your household's income, in order to ensure that you are eligible for assisted housing benefits and that these benefits are set at the correct level. HUD and the HA may participate in computer matching programs with these sources in order to verify your eligibility and level of benefits.

**Uses of Information to be Obtained:** HUD is required to protect the income information it obtains in accordance with the Privacy Act of 1974, 5 U.S.C. 552a. HUD may disclose information (other than tax return information) for certain routine uses, such as to other government agencies for law enforcement purposes, to Federal agencies for employment suitability purposes and to HAs for the purpose of determining housing assistance. The HA is also required to protect the income information it obtains in accordance with any applicable State privacy law. HUD and HA employees may be subject to penalties for unauthorized disclosures or improper uses of the income information that is obtained based on the consent form. Private owners may not request or receive information authorized by this form.

**Who Must Sign the Consent Form:** Each member of your household who is 18 years of age or older must sign the consent form. Additional signatures must be obtained from new adult members joining the household or whenever members of the household become 18 years of age.

Persons who apply for or receive assistance under the following programs are required to sign this consent form:

> PHA-owned rental public housing
> Turnkey III Homeownership Opportunities
> Mutual Help Homeownership Opportunity
> Section 23 and 19(c) leased housing
> Section 23 Housing Assistance Payments
> HA-owned rental Indian housing
> Section 8 Rental Certificate
> Section 8 Rental Voucher
> Section 8 Moderate Rehabilitation

**Failure to Sign Consent Form:** Your failure to sign the consent form may result in the denial of eligibility or termination of assisted housing benefits, or both. Denial of eligibility or termination of benefits is subject to the HA's grievance procedures and Section 8 informal hearing procedures.

**Sources of Information To Be Obtained**

State Wage Information Collection Agencies. (This consent is limited to wages and unemployment compensation I have received during period(s) within the last 5 years when I have received assisted housing benefits.)

U.S. Social Security Administration (HUD only) (This consent is limited to the wage and self employment information and payments of retirement income as referenced at Section 6103(l)(7)(A) of the Internal Revenue Code.)

U.S. Internal Revenue Service (HUD only) (This consent is limited to unearned income [i.e., interest and dividends].)

Information may also be obtained directly from: (a) current and former employers concerning salary and wages and (b) financial institutions concerning unearned income (i.e., interest and dividends). I understand that income information obtained from these sources will be used to verify information that I provide in determining eligibility for assisted housing programs and the level of benefits. Therefore, this consent form only authorizes release directly from employers and financial institutions of information regarding any period(s) within the last 5 years when I have received assisted housing benefits.

Exh. 601

Consent: I consent to allow HUD or the HA to request and obtain income information from the sources listed on this form for the purpose of verifying my eligibility and level of benefits under HUD's assisted housing programs. I understand that HAs that receive income information under this consent form cannot use it to deny, reduce or terminate assistance without first independently verifying what the amount was, whether I actually had access to the funds and when the funds were received. In addition, I must be given an opportunity to contest those determinations.

This consent form expires 15 months after signed.

Signatures:

_____   _____   _____   _____
Head of Household                 Date        Other Family Member over age 18    Date

_____
Social Security Number (if any) of Head of Household

_____   _____   _____   _____
Spouse                            Date        Other Family Member over age 18    Date

_____   _____   _____   _____
Other Family Member over age 18   Date        Other Family Member over age 18    Date

_____   _____
Other Family Member over age 18   Date

Privacy Act Notice. Authority:  The Department of Housing and Urban Development (HUD) is authorized to collect this information by the U.S. Housing Act of 1937 (42 U.S.C. 1437 et. seq.), Title VI of the Civil Rights Act of 1964 (42 U.S.C. 2000d), and by the Fair Housing Act (42 U.S.C. 3601-19). The Housing and Community Development Act of 1987 (42 U.S.C. 3543) requires applicants and participants to submit the Social Security Number of each household member who is six years old or older. Purpose: Your income and other information are being collected by HUD to determine your eligibility, the appropriate bedroom size, and the amount your family will pay toward rent and utilities. Other Uses:  HUD uses your family income and other information to assist in managing and monitoring HUD-assisted housing programs, to protect the Government's financial interest, and to verify the accuracy of the information you provide. This information may be released to appropriate Federal, State, and local agencies, when relevant, and to civil, criminal or regulatory investigators and prosecutors. However, the information will not be otherwise disclosed or released outside of HUD, except as permitted or required by law. Penalty:  You must provide all of the information requested by the HA, including all Social Security Numbers you, and all other household members age six years and older, have and use.  Giving the Social Security Numbers of all household members six years of age and older is mandatory, and not providing the Social Security Numbers will affect your eligibility.  Failure to provide any of the requested information may result in a delay or rejection of your eligibility approval.

Exh.602

Penalties for Misusing this Consent:

HUD, the HA and any owner (or any employee of HUD, the HA or the owner) may be subject to penalties for unauthorized disclosures or improper uses of information collected based on the consent form.

Use of the information collected based on the form HUD 9886 is restricted to the purposes cited on the form HUD 9886.  Any person who knowingly or willfully requests, obtains or discloses any information under false pretenses concerning an applicant or participant may be subject to a misdemeanor and fined not more than $5,000.

Any applicant or participant affected by negligent disclosure of information may bring civil action for damages, and seek other relief, as may be appropriate, against the officer or employee of HUD, the HA or the owner responsible for the unauthorized disclosure or improper use.

Original is retained by the requesting  organization.          ref. Handbooks 7420.7, 7420.8, & 7465.1                    form HUD-9886 (7/94)

Exh. 603



U.S. Department of Housing and Urban Development

Office of Public and Indian Housing (PIH)



# RHIIP

**RENTAL HOUSING INTEGRITY IMPROVEMENT PROJECT**

## *What You Should Know About EIV*

# A Guide for Applicants & Tenants of Public Housing & Section 8 Programs

## What is EIV?

The Enterprise Income Verification (EIV) system is a web-based computer system that contains employment and income information of individuals who participate in HUD rental assistance programs. All Public Housing Agencies (PHAs) are required to use HUD's EIV system.

## What information is in EIV and where does it come from?

HUD obtains information about you from your local PHA, the Social Security Administration (SSA), and U.S. Department of Health and Human Services (HHS).

HHS provides HUD with wage and employment information as reported by employers; and unemployment compensation information as reported by the State Workforce Agency (SWA).

SSA provides HUD with death, Social Security (SS) and Supplemental Security Income (SSI) information.

## What is the EIV information used for?

Primarily, the information is used by PHAs (and management agents hired by PHAs) for the following purposes to:

1. Confirm your name, date of birth (DOB), and Social Security Number (SSN) with SSA.
2. Verify your reported income sources and amounts.
3. Confirm your participation in only one HUD rental assistance program.
4. Confirm if you owe an outstanding debt to any PHA.
5. Confirm any negative status if you moved out of a subsidized unit (in the past) under the Public Housing or Section 8 program.
6. Follow up with you, other adult household members, or your listed emergency contact regarding deceased household members.

EIV will alert you. PHA if you or anyone in your household has used a false SSN, failed to report complete and accurate income information, or is receiving rental assistance at another address. *Remember, you may receive rental assistance at only one home!*

EIV will also alert PHAs if you owe an outstanding debt to any PHA (in any state or U.S. territory) and any negative status when you voluntarily or involuntarily moved out of a subsidized unit under the Public Housing or Section 8 program. This information is used to determine your eligibility for rental assistance at the time of application.

The information in EIV is also used by HUD, HUD's Office of Inspector General (OIG), and auditors to ensure that your family and PHAs comply with HUD rules.

Overall, the purpose of EIV is to identify and prevent fraud within HUD rental assistance programs, so that limited taxpayer's dollars can assist as many eligible families as possible. EIV will help to improve the integrity of HUD rental assistance programs.

## Is my consent required in order for information to be obtained about me?

Yes, your consent is required in order for HUD or the PHA to obtain information about you. By law, you are required to sign one or more consent forms. When you sign a form HUD-9886 *(Federal Privacy Act Notice and Authorization for Release of Information)* or a PHA consent form (which meets HUD standards), you are giving HUD and the PHA your consent for them to obtain information about you for the purpose of determining your eligibility and amount of rental assistance. The information collected about you will be used only to determine your eligibility for the program, unless you consent in writing to authorize additional uses of the information by the PHA.

**Note: *If you or any of your adult household members refuse to sign a consent form, your request for initial or continued rental assistance may be denied. You may also be terminated from the HUD rental assistance program.***

## What are my responsibilities?

As a tenant (participant) of a HUD rental assistance program, you and each adult household member must disclose complete and accurate information to the PHA, including full name, SSN, and DOB; income information; and certify that your reported household composition (household members), income, and expense information is true to the best of your knowledge.

*February 2010*

remember, you must notify your PHA if a household member dies or moves out. You must also obtain the PHA's approval to allow additional family members or friends to move in your home **prior** to their moving in.

## What are the penalties for providing false information?

If you commit fraud, you and your family may be subject to the following penalties:

1. Eviction
2. Termination of assistance
3. Repayment of rent that you should have had you reported your income correctly
4. Prohibited from receiving future rental assistance for a period of up to 10 years
5. Prosecution by the local, state, or Federal prosecutor. Which may result in you being fined up to $10,000 and/or serving time in jail.

**Protect yourself by following HUD reporting requirements.** When completing applications and reexaminations, you must include all sources of income you and any member of your household receives.

If you have any questions on whether money received should be counted as income or how your rent is determined, **ask your PHA.** When changes occur in your household income, contact your PHA **immediately** to determine if this will affect your rental assistance.

## What do I do if the EIV information is incorrect?

If the debt is owed to PHAs and termination information reported in EIV originates from the PHA who provided you assistance in the past: if you dispute this information, contact your former PHA directly in writing to dispute this information and provide any documentation that supports your dispute. If the PHA determines that the disputed information is incorrect, the PHA will update or delete the record from EIV.

---

**Employment and wage information** reported in EIV originates from the employer. If you dispute this information, contact the employer in writing to dispute and request correction of the disputed employment and/or wage information. Provide your PHA with a copy of the letter that you sent to the employer. If you are unable to get the employer to correct the information, you should contact the SWA for assistance.

**Unemployment benefit information** reported in EIV originates from the SWA. If you dispute this information, contact the SWA in writing to dispute **and** request correction of the disputed unemployment benefit information. Provide your PHA with a copy of the letter that you sent to the SWA.

**Death, SS and SSI benefit information** reported in EIV originates from the SSA. If you dispute this information, contact the SSA at (800) 772-1213, or visit their website at www.socialsecurity.gov. You may need to visit your local SSA office to have disputed death information corrected.

**Additional Verification.** The PHA, with your consent, may submit a third party verification form to the provider (or reported) of your income for completion and submission to the PHA.

You may also provide the PHA with third party documents (i.e. pay stubs, benefit award letters, bank statements, etc.) Which you may have in your possession.

**Identity Theft.** Unknown EIV information to you can be a sign of identity theft. Sometimes someone else may use your SSN either on purpose or by accident. So, if you suspect someone is using your SSN, you should check your Social Security records to ensure your income is calculated correctly (call SSA at (800) 772-1213); file an identity theft complaint with your local police department or the Federal Trade Commission (call FTC at (877) 438-4338, or you may visit their website at: http://www.ftc.gov). Provide your PHA with a copy of your identity theft complaint.

**Where can I obtain more information on EIV and the income verification process?** Your PHA can provide you with additional information on EIV and the income verification process. You may also read more about EIV and in the income verification process on HUD's Public and Indian Housing EIV web pages at http://www.hud.gov/offices/pih/programs/ph/rhiip/uiv.cfm

---

The information in this guide pertains to applicants and participants (tenants) of the following HUD-PIH rental assistance programs:

1. Public Housing (24 CFR 960), and
2. Section 8 Housing Choice Voucher (HCV), (24 CFR 982; and
3. Section 8 Moderate Rehabilitation (24 CFR 882); and
4. Project-Based Voucher (24 CFR 983)

**My signature below is confirmation that I have received this Guide.**

Signature _____ Date _____

Signature _____ Date _____

Signature _____ Date _____

Signature _____ Date _____

Signature _____ Date _____

Exh. 604

## CONSENT:
I authorize and direct any Federal, State or Local agency, organization, business, or individuals to release and/or exchange to Washington County Housing and Redevelopment Authority any information or materials requested. I understand and agree to that this authorization or the information obtained with its use may be given to and used by the Department of Housing and Urban Development (HUD) in administering and enforcing program rules and policies.

## INFORMATION REQUESTED:
I understand that, depending on program policies and requirements, previous or current information regarding me or my household may be needed. Verifications and inquiries that may be requested include but are not limited to:

- *Identity & Marital Status*
- *Medical/Child Care Allowance*
- *Utility Allowance/Consumption*
- *Previous Information Completed at Other Housing Authorities*

- *Employment, Income & Assets*
- *Residences & Rental Activity*
- *MFIP/MSA/GA/Social Security*

- *Credit & Criminal Activity*
- *Family Composition*
- *Child Support Obligation and/or Payment History*

I understand that this authorization cannot be used to obtain any information about me that is not pertinent to the program requirements.

## ORGANIZATIONS OR INDIVIDUALS THAT MAY BE ASKED:
The organizations or individual that may be asked to release the above information (depending on program requirements) includes but are not limited to:

- *Previous Landlords*
- *Financial Institutions*
- *Credit Bureaus*
- *State Unemployment Agencies*
- *Support & Alimony Providers*
- *Social Service Agencies (Public/Private)*
- *Housing Authorities*

- *Past & Present Employers*
- *Courts & Post Offices*
- *Law Enforcement Agencies*
- *Social Security Administration*
- *Medical/Care Providers*
- *State Driver & Vehicle Services*

- *Welfare Agencies*
- *Retirement Systems*
- *Utility Companies*
- *Schools & Colleges*
- *Veterans Administration*
- *Wash. Co. Child Support*

## CONDITIONS:
I agree that a photocopy of this authorization may be used for the purposes stated above. The authorization will stay in effect for one year and one month from the date signed.

| Signature | Print Name | Date |
|---|---|---|
| Head of Household: | | |
| Adult Member: | | |
| Adult Member: | | |
| Adult Member: | | |
| Adult Member: | | |

Authorization for Release of Information (12/09)

Exh. 605



12/01/2011

INEZ HUNTER
435-H WOODDUCK PLACE
P.O. Box 15
WOODBURY, MN 55125-

## NOTICE OF INSPECTION APPOINTMENT

Regulations require the HRA to perform Quality Control inspections annually. Your unit was randomly chosen for a Quality Control inspection.

**This inspection has been scheduled for: 12/12/2011 between 1:00pm - 3:00pm**

If you have any questions about this appointment or need to reschedule please call the HRA at 651-458-0936 x561. Your cooperation with the inspection process is appreciated.

**NOTE: Tenants are required to co-operate with inspections both annually and at other times as required by the Housing Authority. If the head of household cannot be at the inspection, a representative over the age of 18 must be present.**

Thank you,

Eric Schumacher
Housing Inspector

Exh. 50C

**Please keep this form. It serves as your proof of rent when you apply for food stamps, medical assistance or other welfare benefits.**



HRA
WASHINGTON COUNTY HOUSING AND REDEVELOPMENT AUTHORITY

## TENANT'S COPY

**If your income has changed or you have changed jobs prior to the lease date below you must inform your Rental Assistance Specialist in writing immediately.**

TENANT:  Inez Hunter

LEASE DATE:  2/1/12

CONTRACT RENT:  $  955.00          PLUS GARAGE:  $

TENANT RENT:  $  707.00            PLUS GARAGE:  $

HRA ASSISTANCE:  $  248.00

SECURITY DEPOSIT:  $                    ON ACCOUNT WITH OWNER

Corina Serrano, Rental Assistance Specialist        7/8/12

**PLEASE NOTE:** Please review for correctness, the attached Tenant Application Form, which lists household members, income, assets and expenses. If there are any errors, call your HRA Representative at 651-458-0936, discuss the error(s), and make the necessary changes. Thank you.

Exh. 451

PURPOSE/REMITTER: INEZ HUNTER (#435 WOODDUCK PLACE APT H)

 **US bank**          ## CASHIER'S CHECK          No. 465510231          93-38
                                                                                   929

DATE:   NOVEMBER 05, 2012

PAY          SEVEN HUNDRED SEVEN DOLLARS AND 00 CENTS

$ 707.00

TO THE
ORDER OF:   PONDVIEW TOWNHOMES

NON NEGOTIABLE

Location:  465 WOODBURY                          _____
U.S. Bank National Association                        AUTHORIZED SIGNATURE
Minneapolis, MN 55480

HARLAND CLARKE  20745 (03/12)  1110815B

EXL.#50



**WASHINGTON COUNTY HOUSING AND REDEVELOPMENT AUTHORITY**

## IMPORTANT ANNUAL RE-EXAMINATION INFORMATION

Date __10/3/2012__         Please return by: __10/31/2012__

Pondview Townhomes
4310 Woodduck Place
Woodbury, MN 55125

INEZ HUNTER
435-H WOODDUCK PLACE
P.O. Box 15
WOODBURY, MN 55125-

Dear Owner/Manager:

The above named tenant has an annual re-examination scheduled to be effective for ___2/1/2013__.

Please complete the following:

1. Do you intend to increase the rent? ☐ Yes ☐ No If yes, please indicate the increased rent
   $_____. You are required to provide proper notice to the tenant of this increase.

   Does this include the garage rental charge?         ☐ Yes ☐ No
   If yes, is the garage optional?         ☐ Yes ☐ No
   If yes, how much is attributed to the garage? $_____

   Reason for rent increases? _____

2. On this renewal date, (Please pick one answer below.)

   ☐ I/We will extend this tenancy on a month-to-month basis.  The HA will complete a Lease
   Amendment for you.  Both owner and tenant will still need to provide a proper written move
   notice to each other with a copy to the HA.

   **OR**

   ☐ I/We will extend this tenancy, but require the tenant to sign a new lease.  If you require the
   tenant to enter into a new lease, the HA is required to have new HAP Contracts completed.
   Make sure the HA receives a copy of this new lease.

   **OR**

   ☒ I/We will not be renewing this tenancy.  I/We will be giving the tenant a proper written notice to
   vacate on __1 - 31 - 13__.  Make sure the HA receives a copy of this move notice.

3. The rent on similar and/or adjoining units has been raised to $_____ effective
   _____.

4. Do the utilities currently included in the contract rent, as indicated in the current lease, remain
   unchanged?   ☐ Yes ☐ No   If no, please explain _____

5. What year was this unit built?  __2004__   (New HUD regulations require us to report this
   information.  If you do not provide the information on this form, we will have to call you to get it.)

6. Is this a a tax credit unit/property?         ☒ Yes    ☐ No

_____         __10.30.12__         __952 544 0331__
Owner/Manager Signature                 Date                     Phone Number

YOU CAN EXPECT TO RECEIVE THE ANNUAL RE-CERTIFICATION PAPERWORK PRIOR TO THE
EFFECTIVE DATE OF THE ANNUAL RECERTIFICATION.  AT THAT TIME YOU WILL BE NOTIFIED
OF THE RENTAL PORTION TO BE PAID BY THE TENANT AND THE HRA.

If you have any questions regarding the above information, please feel free to call.  Thank you for your
cooperation.

Sincerely,
Corina Serrano
Housing Specialist

Exh. 351



WASHINGTON COUNTY HOUSING AND REDEVELOPMENT AUTHORITY

November 2, 2012

Inez Hunter
435 H Woodduck Place
Woodbury, MN 55125

Dear Inez:

The Washington County HRA has received notice that your landlord will not be renewing your lease and that you will be given notice to vacate on January 31st, 2013.

Please contact me at your earliest convenience to set up an appointment to come in to complete proper moving documentation.

If you have any questions contact me at 651-458-0936 ext. 550.

Thank you,

Corina Serrano
Rental Assistance Specialist

*Exh. 350*

fax 651.458.1696 | tel. 651.458.0936 | www.wchra.com | 321 Broadway Avenue | St. Paul Park, MN 55071

LAMAR S. SMITH, Texas
CHAIRMAN

F. JAMES SENSENBRENNER, JR., Wisconsin
HOWARD COBLE, North Carolina
ELTON GALLEGLY, California
BOB GOODLATTE, Virginia
DANIEL E. LUNGREN, California
STEVE CHABOT, Ohio
DARRELL E. ISSA, California
MIKE PENCE, Indiana
J. RANDY FORBES, Virginia
STEVE KING, Iowa
TRENT FRANKS, Arizona
LOUIE GOHMERT, Texas
JIM JORDAN, Ohio
TED POE, Texas
JASON CHAFFETZ, Utah
TIM GRIFFIN, Arkansas
TOM MARINO, Pennsylvania
TREY GOWDY, South Carolina
DENNIS ROSS, Florida
SANDY ADAMS, Florida
BEN QUAYLE, Arizona
MARK AMODEI, Nevada

JOHN CONYERS, JR., Michigan
RANKING MEMBER

HOWARD L. BERMAN, California
JERROLD NADLER, New York
ROBERT C. "BOBBY" SCOTT, Virginia
MELVIN L. WATT, North Carolina
ZOE LOFGREN, California
SHEILA JACKSON LEE, Texas
MAXINE WATERS, California
STEVE COHEN, Tennessee
HENRY C. "HANK" JOHNSON, JR., Georgia
PEDRO R. PIERLUISI, Puerto Rico
MIKE QUIGLEY, Illinois
JUDY CHU, California
TED DEUTCH, Florida
LINDA T. SÁNCHEZ, California
JARED POLIS, Colorado

ONE HUNDRED TWELFTH CONGRESS

# Congress of the United States
## House of Representatives

COMMITTEE ON THE JUDICIARY

2138 RAYBURN HOUSE OFFICE BUILDING

WASHINGTON, DC 20515–6216

(202) 225–3951

http://www.house.gov/judiciary

September 24, 2012

The Honorable Eric H. Holder, Jr.
Attorney General
U.S. Department of Justice
Washington, D.C. 20530

Dear Attorney General Holder:

After repeated inquiries from the Committee on the Judiciary and the Committee on Oversight and Government Reform, the Department of Justice (Department) briefed staff about its involvement in the decision of the City of St. Paul, Minnesota, to withdraw its petition for certiorari in *Magner v. Gallagher*.[1]  We were shocked to learn during this briefing and in subsequent document examination that Assistant Attorney General Tom Perez, over the objections of career Justice Department attorneys, enticed the City to drop its lawsuit that he Perez did not want decided by the Supreme Court.  This quid pro quo arrangement potentially cost U.S. taxpayers over $180 million.  As such, we write to ask that you produce all documents to the Committees and make Department officials available for transcribed interviews.

On February 10, 2012, the City of St. Paul abruptly abandoned a case before the U.S. Supreme Court that observers said it was poised to win.[2]  Slumlords had sued the city to prevent it from enforcing its housing code on the grounds that it disproportionately decreased the amount of housing available to minorities.[3]  The City argued that the Fair Housing Act of 1968 (FHA) prohibits only intentional discrimination, not neutral practices like code enforcement that happen to impact particular groups disproportionately.[4]

Mr. Perez fretted that a decision in the City's favor would dry up the massive mortgage lending settlements his Division was obtaining by suing banks for housing discrimination based on disparate effects rather than any proof of intent to discriminate.[5]  Accordingly, as documents reviewed by Committee staff show, he orchestrated a deal to induce the City to drop its Supreme

---

[1] Committees staff briefing with Mónica Ramirez, U.S. Dep't of Justice (Aug. 15, 2012); *see Magner v. Gallagher*, 132 S. Ct. 1306 (Feb. 14, 2012) (dismissing writ of certiorari).
[2] *See* Kevin Diaz, *St. Paul Yanks Housing Fight from High Court*, Star Trib. (St. Paul, Minn.), Feb. 10, 2012.
[3] *Id.*
[4] *See* Brief for the Petitioners, Magner v. Gallagher, No. 10-1032 (U.S. Dec. 23, 2011).
[5] *Mr. Perez Works the Phones*, Wall St. J., Mar. 27, 2012.

Exh. 300

The Honorable Eric H. Holder, Jr.
September 24, 2012
Page 2

Court challenge.  In exchange for St. Paul dropping its case before the high court, the Justice Department declined to intervene in an unrelated False Claims Act (FCA) case that had the potential to return over $180 million in damages to the U.S. treasury.

Many observers thought the Supreme Court was poised to hold that the FHA does not permit claims based on disparate impact when it agreed, in late 2011, to hear *Magner v. Gallagher*.[6]  However, on the eve of oral argument, St. Paul dropped the case.  News accounts attributed the reversal to calls from the Administration and former Senator Walter Mondale who called the decision "courage[ous]."[7]  However, material reviewed by the Committees reveals the decision was in fact the result of a dubious bargain brokered by Mr. Perez in which the Department agreed, over the objections of career attorneys, not to join an unrelated fraud lawsuit against the City in exchange for the City's dropping its *Magner* appeal.

In early October, 2011, career attorneys from the Department's Civil Fraud Section recommended that the United States join a lawsuit called *Newell*, brought by a private whistleblower charging that St. Paul violated the Federal FCA.[8]  The suit alleged that the City falsely certified it was using federal funds to create jobs for low income workers of all races when in fact it was only focused on employing minorities.[9]  The memo authored by career Department attorneys characterized the City's behavior as a "particularly egregious example" of false certifications.  On October 7, 2011, the Department of Housing and Urban Development (HUD) concurred in the recommendation as did the U.S. Attorney's office in Minnesota.

In the meantime, City attorneys and Mr. Perez began discussing a quid pro quo.  The record over the next five months paints the picture of Mr. Perez's commitment to closing the deal over the objections of career attorneys in the Civil Division who he does not even control.  When the head of the Civil Division, Tony West, objected that HUD formally requested intervention, Mr. Perez replied he was "confident [their] position has changed."  Mr. West was not aware that Mr. Perez had already worked out an agreement with HUD.[10]

As Mr. Perez labored to force a reversal, emails show career Department attorneys confused and frustrated.  They "cannot imagine" what the *Gallagher* case has to do with *Newell*.  "Weirdness" they call it.  "This is ridiculous . . . . have no control . . . . Why are higher level people making phone calls."  Notes from a meeting say it "looks like buying off St. Paul."  As the deal closes, St. Paul's lawyers push for even more.  Panicked attorneys email superiors to tell Mr. Perez to "make no more promises."[11]

---

[6] *Holding Mr. Holder Accountable*, Wall St. J., Apr. 13, 2012.
[7] Frederick Melo, *How Obama Administration Got St. Paul to Pull Landlord Suit out of Supreme Court*, Pioneer Press (St. Paul, Minn.), Feb. 14, 2012; *Squeezed in St. Paul*, Wall St. J., Feb. 12, 2012.
[8] *See* False Claims Act Complaint and Demand for Jury Trial, United States *ex rel.* Newell v. City of Saint Paul, Civ. No. 09-1177 (D. Minn. filed May 19, 2009).
[9] *Id.*
[10] Committees staff review of documents from the Department of Justice (Aug. 20, 2012).
[11] Committees staff review of documents from the Department of Justice (Aug. 20, 2012).

Exh. 301

The Honorable Eric H. Holder, Jr.
September 24, 2012
Page 3

    Meanwhile, Mr. Perez ordered career attorneys to prepare a revised memo recommending that the Department <u>not</u> intervene in *Newell*. He further instructed them <u>not</u> to discuss the *Magner* case in explaining the reversal. The attorneys objected and included a discussion of *Magner* anyway. On February 9, 2012, Mr. West signed the revised memo. On February 10, 2012, St. Paul requested that the Supreme Court dismiss its appeal.[12]

    Reviewing the emails and voice messages, it is clear many of the attorneys involved felt there was an inappropriate quality to the quid pro quo. If the United States had intervened in the *Newell* suit, taxpayers may have recovered as much as $186 million from the City.[13]  Instead, without the government's intervention, the case was soon dismissed on grounds that would have been inapplicable had the government joined the suit.

    At a briefing for Committee staff, Department officials conceded that the quid pro quo is unprecedented.[14]  According to the Department officials, Deputy Assistant Attorney General Thomas Perrelli instructed Mr. West that the decision on whether to intervene in *Newell* should be decided "on the merits" alone and not on the City's offer to withdraw its appeal in *Magner*.[15] Apparently those instructions were not followed. It is unclear why the instructions of Mr. West's and Mr. Perez's superior were not followed.

    One of the features of this quid pro quo, distinguishing it from a standard settlement or plea deal, was that it obstructed rather than furthered the ends of justice. It was possible only because Mr. Perez knew the disparate impact theory he was using to bring fair lending cases was poised to be overturned by the Supreme Court. So he bargained away a valid case of fraud against American taxpayers in order to shield a questionable legal theory from Supreme Court scrutiny in order to keep on using it.

    This quid pro quo raises numerous legal and ethical questions of significant public interest. In order to fully determine why the Department authorized this unusual bargain, we ask that you produce to the Committees all documents and communications reviewed by Committee staff *in camera*. Further, we ask for all ethics and legal opinions related to this quid pro quo arrangement issued by any Department component, including but not limited to the Office of Professional Responsibility, Office of Legal Counsel, Office of the Deputy Attorney General, Civil Rights Division, or the Office of the Attorney General. Please produce these materials to the Committees by September 28, 2012.

    Additionally, because evidence reviewed by the Committees references critical conversations of which there is no documentary record, we ask that you make available the following Department officials for transcribed interviews: Tom Perez, Tony West, B. Todd Jones, and Chad A. Blumenfield. Please make these officials available by September 28, 2012. Congress and the public have a right to know the full rationale for the Department's decision to cast aside the careful analysis of career Department attorneys on the merits of a case with tens of

---

[12] *See* Kevin Diaz, *St. Paul Yanks Housing Fight from High Court*, Star Trib. (St. Paul, Minn.), Feb. 10, 2012.
[13] *See* 31 U.S.C. § 3729(a) (allowing for damages three times the amount of the fraud).
[14] Committees staff briefing with Mónica Ramirez, U.S. Dep't of Justice (Aug. 16, 2012).
[15] *Id.*

Exh. 302

The Honorable Eric H. Holder, Jr.
September 24, 2012
Page 4

millions in taxpayer dollars at stake in order to get a litigant to drop a completely unrelated case.
We appreciate your assistance with this matter.

Please contact Holt Lackey or Daniel Huff of the House Committee on the Judiciary or
David Brewer or Katelyn Christ of the House Committee on Oversight and Government Reform
no later than September 28, 2012, to schedule the transcribed interviews. Thank you for your
attention to this matter.

Sincerely,

Lamar Smith
Chairman
Committee on the Judiciary

Darrell Issa
Chairman
Committee on Oversight and Government
Reform

Patrick McHenry
Chairman
Subcommittee on TARP, Financial Services
and Bailouts of Public and Private Programs
Committee on Oversight and Government
Reform

Charles E. Grassley
Ranking Member
Committee on the Judiciary
United States Senate

cc:   The Hon. John Conyers, Jr., Ranking Member, Committee on the Judiciary

The Hon. Elijah Cummings, Ranking Member, Committee on Oversight and Government
Reform

The Hon. Mike Quigley, Ranking Member, Subcommittee on TARP, Financial Services
and Bailouts of Public and Private Programs

The Hon. Patrick J. Leahy, Chairman, Committee on the Judiciary, United States Senate

Exb. 309



# STATE OF MINNESOTA

### OFFICE OF THE ATTORNEY GENERAL

**LORI SWANSON**
ATTORNEY GENERAL

December 19, 2011

102 STATE CAPITOL
ST. PAUL, MN 55155
TELEPHONE: (651) 296-6196

Ms. Inez Hunter
435 Woodduck Place
Unit H, Box 15
Woodbury, MN 55125

Dear Ms. Hunter:

I thank you for your correspondence received on December 2, 2011, and for providing your address on December 6, 2011 and additional correspondence on December 10 and 11, 2011.

You state that you live in Pondview Townhomes which is a low income housing development in Woodbury that was built approximately ten years ago. You state that you believe that the owner is illegally displacing Somali tenants by raising rents. You ask how much government money and tax credits were provided to the owner for constructing the development. You also ask for the e-mail address of the United States Internal Revenue Service (IRS) Fraud Division. You also sent me a copy of a complaint which you filed with the United States Department of Housing and Urban Development wherein you claim violations of the Fair Housing Act and other laws. You ask for any assistance this Office can provide.

I appreciate your correspondence. Housing discrimination has no place in Minnesota. While I cannot give you legal advice, I can tell you the following which I hope will be helpful:

First, in an attempt to be helpful, I asked a member of my staff to gather the funding information you request. In 2003, the Pondview Townhomes of Woodbury received the following funds from various government sources:

| Amount | Type | Unit of Government |
|---|---|---|
| $ 73,287 | Loan | City of Woodbury |
| $100,000 | Loan | Washington County HRA |
| $422,105 | Loan | Minnesota Housing Finance Agency |
| $350,000 | Housing Tax Credits | Minnesota Housing Finance Agency |

Second, regarding your request for IRS information, according to the IRS, for security reasons the IRS does not usually communicate by e-mail. If you suspect or know of an individual or company that is not complying with the tax laws, you may report this activity by completing Form 3949-A, which I enclose. Mail the completed form to: Internal Revenue Service, Fresno, CA 93888.

Exh. 6
63



Exh. TIVPIl

435-H

"INEZ ONLY"

HUNTER

Exh. 114

# PONDVIEW TOWNHOMES

May 2, 2012

Inez Hunter
435H Woodduck Place
Woodbury, MN 55125

Dear Inez:

Attached is a duplicate Tenant Income Form that needs to be signed and returned by you.  If it is not returned, your townhome is considered out of compliance. This is our second attempt to have you complete this.

If you could kindly sign and initial at the highlighted areas and return to us, it would be greatly appreciated.

Sincerely,

Jenel Sauber
Property Manager
Pondview Townhomes

Exh. 100



# Southern Minnesota Regional Legal Services
## Saint Paul Central Office

55 East Fifth Street, Suite 400
St. Paul, MN 55101
Phone: (651) 222 - 5863 • FAX: (651) 297- 6457

May 3, 2012

Thomas Barnett
Minnesota Department of Human Rights
625 Robert Street North
Saint Paul MN 55155

Re:    File No. 59608

Dear Mr. Barnett:

I understand you may have received affidavits from the parties in connection with the above-matter.  I have not had an opportunity to review any submitted affidavits, and as a result, generally do not endorse or deny any statements in any affidavits you may have. However, I have never made admissions regarding a client's culpability to any opponent in connection with any lawsuit without a client's permission, and if you have received statements suggesting otherwise, those statements are false.

Sincerely,

Andrea L. Jepsen
Attorney at Law

*Exh. 99*

SMRLS Administrative Offices: 55 East Fifth St., Suite 1000, St. Paul, MN 55101
SMRLS Board Chair: J. Scott Braden, Esq.    Chief Executive Officer: Jessie Nicholson, Esq.
LEGAL SERVICES CORPORATION

LSC





**U. S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT**

WASHINGTON, D.C. 20410-0001

**THE SECRETARY**                                              June 17, 2011

Dear PHA Executive Director:

Each year, more than half a million people are released from prisons in the United States, and an additional seven million are released from jails. Research shows that ex-offenders who do not find stable housing in the community are more likely to recidivate than those who do, yet people returning to their communities from prison often face significant barriers to obtaining housing. Studies have also found that the majority of people released from prison intend to return to their families, many of whom live in public or other subsidized housing.

The Department is engaged in several initiatives that seek a balance between allowing ex-offenders to reunite with families that live in HUD subsidized housing, and ensuring the safety of all residents of its programs. To that end, we would like to remind you of the discretion given to public housing agencies (PHAs) when considering housing people leaving the criminal justice system. The Department encourages you to allow ex-offenders to rejoin their families in the Public Housing or Housing Choice Voucher programs, when appropriate.

Within HUD statute and regulations, there are only two explicit bans on occupancy based on criminal activity. PHAs must establish a lifetime ban on admission to the Public Housing and Housing Choice Voucher programs for:

1. Individuals found to have manufactured or produced methamphetamine on the premises of federally assisted housing (24 CFR 960.204, 24 CFR 982.553); and
2. Sex offenders subject to a lifetime registration requirement under a State sex offender registration program (24 CFR 960.204, 24 CFR 982.553).

Additionally, PHAs must establish standards that prohibit admission if the PHA determines that any household member is currently engaged in illegal use of a drug, or the PHA has reasonable cause to believe that a household member's illegal drug use, alcohol use, or pattern of drug or alcohol abuse may threaten the health, safety, or right to peaceful enjoyment of the premises by other residents. PHAs must also prohibit admission of an applicant for 3 years from the date of eviction if a household member has been evicted from federally assisted housing for drug-related criminal activity. In this case, however, PHAs retain discretion to consider the circumstances and may admit households if the PHA determines that the evicted household member who engaged in drug-related criminal activity has successfully completed a supervised drug rehabilitation program, including those supervised by drug courts, or that the circumstances leading to eviction no longer exist (24 CFR 960.204, 24 CFR 966.4, 24 CFR 982.553).

Exh. 85

2

Beyond these restrictions, PHAs have broad discretion to set admission and termination policies for the Public Housing and Housing Choice Voucher programs. When screening family behavior and suitability for tenancy, PHAs may consider all relevant information, including factors which indicate a reasonable probability of favorable future conduct. For example, evidence of rehabilitation and evidence of the applicant family's participation in or willingness to participate in social services such as counseling programs should be taken into consideration by the PHA.

As President Obama recently made clear, this is an Administration that believes in the importance of second chances – that people who have paid their debt to society deserve the opportunity to become productive citizens and caring parents, to set the past aside and embrace the future. Part of that support means helping ex-offenders gain access to one of the most fundamental building blocks of a stable life – a place to live.

We are grateful that you will join us in welcoming these deserving citizens back to their communities.

Shaun Donovan
Secretary

Sandra B. Henriquez
Assistant Secretary for Public
and Indian Housing

Ex.h.84

Ms. Inez Hunter
December 19, 2011
Page 2

If you do not wish to use Form 3949-A, you may send a letter to the address above, by including the following information, if available:

- Name and address of the person you are reporting
- The taxpayer identification number (social security number for an individual or employer identification number for a business)
- A brief description of the alleged violation, including how you became aware of or obtained the information
- The years involved
- The estimated dollar amount of any unreported income
- Your name, address and daytime telephone number

Although you are not required to identify yourself, it is helpful to do so. Your identity can be kept confidential.

Third, you state that you do not want to be involved in an Administrative Hearing and request that this Office represent you in Federal District Court, based on a reference to the Attorney General in the documents you provided. However, that particular reference is to the United States Attorney General and not to this Office, as we do not have authority to represent you. Your case cannot proceed to federal court until HUD investigates and determines that "reasonable cause" exists to believe that a discriminatory housing practice has taken place. If HUD finds reasonable cause, HUD will issue a charge of discrimination and schedule a hearing before a HUD administrative law judge (ALJ). Either party may elect to proceed in federal court. In that case, the Department of Justice will pursue the case on your behalf. If you need clarification on the process or your options, I suggest you contact Tom Barnett with the State of Minnesota Department of Human Rights with whom you have been working, at (651) 539-1105.

Finally, I enclose my office's publication *Landlords and Tenants: Rights and Responsibilities*, which you may find helpful.

I thank you again for your correspondence.

Sincerely,

ANGELA SKARDA
Legal Assistant

Enclosures:   IRS Form 3949 A
              *Landlords and Tenants: Rights and Responsibility*

AG: #2923273-v1/462101/to

Exh. 59
67

**F I L E D**

File #

WASHINGTON COUNTY
DISTRICT COURT

DEC 15 2011

COURT ADMINISTRATOR

By_____
Deputy

| Court File Number: | 82-CV-11-6789 |
|---|---|
| Case Type | Eviction (UD) |

State of Minnesota
Washington County

District Court
Tenth Judicial District

PONDVIEW TOWNHOMES vs INEZ
HUNTER

**Eviction Action – Findings of Fact,
Conclusions of Law, Order and
Judgment (Minn. Stat. §504B.345)**

This case was heard by the undersigned on ~~December 15, 2011~~
Date

PLAINTIFF:
☐ Appeared in person.
☑ Appeared through agent
☐ Did not appear and is in default.

Represented by: ☐ counsel ☑ agent
_JANEL SAVAGE_
Name

DEFENDANT:
☑ Appeared in person.
☐ Did not appear and is in default.

Represented by: ☐ advocate ☑ counsel
_ANDREA JENSEN_
Name

Defendant has ☐ admitted ☐ denied the allegations in the Eviction Action complaint.

**Findings of Fact and Conclusions of Law**

1. ☐ Plaintiff has failed to prove the allegations in the complaint.

2. ☐ COMPLAINT:
   Plaintiff proved the following allegations by a preponderance of the evidence.
   ☐ a. Compliance with Minn. Stat. § 504B.181.
   ☐ b. Defendant has failed and refuses to pay rent for the month(s) of _____
   _____ in the amount of $_____ per month payable on
   the _____ day of each month for a total due of $_____.
   ☐ c. Notice to vacate was properly given and Defendant has failed to vacate said
   property.
   ☐ d. Defendant has broken the terms of the rental agreement and Defendant has failed
   to vacate the property.
   ☐ e. Other: _____.

3. ☐ DEFENSES:
   Defendant(s) proved the following defenses by a preponderance of the evidence.
   ☐ a. Improper service by _____
   ☐ b. Violation of the covenants of habitability by _____
   ☐ c. Improper notice because_____

Exh. 5

☐ d.  Waiver of _____ by _____

☐ e.  Other: _____

4. ☑ SETTLEMENT:  **No judgment to be entered at this time.**
The parties have reached a settlement, which is approved and incorporated in this Decision and Order.

☐  Settled through Mediation (See attached settlement agreement)
☑  Settled by the Litigants (See attached settlement agreement)
☑  Settlement terms are as follows:  *LEASE TERMS TO REMAIN IN EFFECT UNTIL JANUARY 31, 2013.  ALL RECORDS OF AN EVICTION ACTION ARE EXPUNGED.*

## Order

1. ☑ The settlement is hereby approved as agreed upon.
2. ☐ JUDGMENT:
The Court Administrator shall enter judgment for:

☐  **Plaintiff** for recovery of the premises.  The Writ of Recovery of Premises and Order to Vacate shall be:
    ☐  i.  issued immediately upon request and payment of fee.
    ☐  ii. stayed until _____
                       Date

☐  **Defendant** to remain in possession of the premises.
☐  **Allowable** costs and disbursements to the prevailing party.

3. ☐ DISMISSAL:
The case is dismissed ☐ WITH  ☐ WITHOUT prejudice and the Court Administrator shall enter Judgment accordingly.

4. ☐ REDEMPTION:
Defendant may redeem the premise (for nonpayment of rent) by paying to the Plaintiff $_____ by _____.  If not, a judgment and writ shall issue by default.
                       Date

5. ☐ RENT ABATEMENT:
Defendant has had diminished use and enjoyment of the premises.  Rent is abated for the months of _____ by a total of $_____, and is abated by $_____ per month until the first month following completion of court ordered repairs.

6. ☐ RENT DISBURSEMENT:
The rent now on deposit with the Court shall be released as follows:
☐ $_____ to Plaintiff ☐ $_____ to Defendant.

*Exh. 58*

82-CV-11-6789

7. ☐ HEARING:
This is scheduled for ☐ court trial ☐ jury trial ☐ motion hearing on issues of
_____ on _____, at _____ (a.m./p.m.)
at _____.

8. ☐ DISCOVERY:
The parties shall provide to each other by _____, the following: a list of
witnesses, with phone numbers and addresses, and the subjects about which they will
testify, and copies of exhibits (documents, photographs, etc.) to be introduced at trial, and
_____.

9. ☐ RENT INTO COURT:
Defendant shall pay into Court the rent of $_____ in cash or certified funds
payable to the Court Administrator, on or before _____ (a.m./p.m.) on
_____, _____, and all future rent by the _____ day of each
month until further Order of the Court, or the Court will issue a Writ of Recovery of
Premises and Order to Vacate.

10. ☐ OTHER:
_____   _____
_____   _____
_____   _____
_____   _____

☐ **Let Judgment Be Entered Accordingly.**

Recommended by:                          By the Court:



_____   _____    _____   12·5·211
Housing Court Referee        Date       Judge                    Date

**Judgment**

I hereby certify that the above Order constitutes the entry of Judgment of the Court.

Dated: _____          Annette Fritz
                                        Court Administrator           Exh. 58

                                        By: _____
                                                  Deputy

You are notified that judgment was entered on _____.



WASHINGTON COUNTY HOUSING AND REDEVELOPMENT AUTHORITY

December 8, 2011

Inez Hunter
435 H Woodduck Place
Woodbury, MN 55125

Dear Inez:

The Washington County HRA has received a copy of an eviction filed by your landlord on **December 1st, 2011**.  Enclosed is a copy of that notice.

If you do not believe that the owner has cause to evict you, you may contest the eviction in court.  If you need legal assistance, call the Southern Minnesota Regional Legal Services (SMRLS) at 651-222-5863.

If you have received this eviction notice due to your violation of your lease, you may lose your Section 8 Rental Assistance.   You can attempt to settle this suit out of court by contacting your landlord but you must be in compliance with your lease.

Please contact me by your court date (**December 15th, 2011**) to let me know the outcome of this court action.

**If I do not hear from you, I will assume that you have been evicted and your Section 8 rental assistance may be terminated effective December 31st, 2011.**

If you have any questions regarding this matter, please contact me at 651-458-0936 ext. 550.

Sincerely,

*Corina Serrano*
Corina Serrano
Housing Specialist

Enc:  Eviction Notice

CC:  File

*✱ Inez please contact me regarding any updates.*

*Exh. 53*

fax 651.458.1696 | tel. 651.458.0936 | www.wchra.com | 321 Broadway Avenue | St. Paul Park, MN 55071



**Second Mary Farmer Kubler Notification Dec. 01, 2011**        Tuesday, December 13, 2011 10:09 AM

**From:** "Inez Hunter" <hunterinez@yahoo.com>

**To:** pondview@nsresidential.com

**Cc:** Dexter.j.Sidney@hud.gov, Kimberly.L.Nevels@hud.gov, cserrano@wchra.com, "Tina Bayonet" <tina.bayonet@co.washington.mn.us>, Tom.Barnette@state.mn.us, "Dannez Hunter" <dannezhunter@hotmail.com>, nwachal@ci.woodbury.mn.us

2 Files (896KB)



Janel Sau...Don  t say ...

See Attached:


Inez Hunter
651 292- 8804


cc: Police Officer Nicholas Wachal

Exh. 56

**State of Minnesota**  **District Court**

County *Washington*

Plaintiff (Landlord)
*Pondview Townhomes*
*4316 Woodduck Place*
*Woodbury, MN 55125*
Address

| Judicial District: |
| Court File Number: *82-CV-11-6789* |
| Case Type: Housing |

vs.

**Eviction Action Complaint**
**(Minn. Stat. § 504B.321)**

Defendant (Tenant)
*Inez Hunter*
*435H Woodduck Place*
*Woodbury, MN 55125*
Address

Tenant's Date of Birth: *10-19-1947*
(If known)

I, *Jenel Sauber* state upon oath/affirmation:
(name of person signing complaint)

1. Landlord leased or rented to tenant(s) on *2-1-11* by an ○ORAL ☑WRITTEN agreement the premises at: *435H Woodduck PL* Apartment # *435H*, and garage ☑YES ○NO, in the city of *Woodbury*, the state of Minnesota, zip code *55125*, in the county of *Washington*. The agreement was from *2-1-11* to *1-31-12*. The current rent due and payable under this agreement each month is $ *955* due on the *1st* day of the month.

2. The landlord of the premises described above is *Pondview Townhomes*

3. Landlord having present right of possession of said property, has complied with Minn. Stat. §504B.181 by:
   ☑ a. disclosing to the tenant either in the rental agreement or otherwise in writing prior to beginning of the tenancy the name and address of:
      i. the person authorized to manage the property AND
      ii. a landlord or agent authorized by the landlord to accept service of process and receive and give receipt for notices and demands, AND
   ☐ b. posting in a conspicuous place on the property a printed or typewritten notice containing the above information _____, OR
                                              Where Posted
   ☑ c. the above information was known by the tenant not less than 30 days before the filing of this action because: *Lease & Letters*

4. Landlord seeks to have the tenant evicted for the following reasons:
   ☐ a. The tenant is still in possession of above premises and has failed to pay rent for the month(s) of _____ in the amount of $_____ per month payable on the _____ day of each month for a total due of $_____.
   ☐ b. The tenant has failed to vacate property after tenant ☐ was given ☐ gave written notice to do so. This notice was served on ☐ Tenant ☐ Landlord on _____ and tenant ☐ Was Told ☐ Gave notice to vacate the property by _____.
   ☑ c. The tenant has broken the terms of the rental agreement with property landlord by: (be specific) *Unauthorized occupant living in unit*
   ☐ d. The tenant has breached the covenants set forth in Minn. Stat. §504B.171 by: (be specific) _____

5. The landlord seeks judgment against the above tenant(s) for restitution of said premises plus costs and disbursements herein.

I, (Name) *Jenel Sauber* Verification and Affidavit of Non Military Status, being sworn/affirmed, state that I am the plaintiff/agent/attorney in this action, that I have read the complaint and that it is true to the best of my knowledge; that tenant(s) is/are not now in the military service of the United States, to the best of my information and belief.

Dated: *12-1-11*

Signature (Sign only in front of notary public or court administrator.) *Jnel Sauber*
Name: *Jenel Sauber*
Address: *4316 Woodduck PL*
City/State/Zip: *Woodbury MN 55125*
Telephone: *651-702-0776*

Sworn/affirmed before me this *1st* day of *December 2011*

Notary Public / Deputy Court Administrator

*Exh. 41*

**State of Minnesota**                                                **District Court**

County
*Washington*

Judicial District:
Court File Number: *82-CV-11-6789*
Case Type: Housing

Plaintiff (Landlord) *Pondview Townhomes*
*4316 Woodduck Place*
*Woodbury, MN 55125*
Address

vs.

Defendant (Tenant) *Inez Hunter*
*435H Woodduck Place*
*Woodbury MN 55125*
Address

**Eviction Action Complaint
(Minn. Stat. § 504B.321)**

Tenant's Date of Birth: *10-19-1947*
*(If known)*

I, *Jenel Sauber* state upon oath/affirmation:
*(name of person signing complaint)*

1. Landlord leased or rented to tenant(s) on *2-1-11* by an ○ ORAL ☒ WRITTEN agreement the premises at:
*435H Woodduck PL* Apartment # *435H*, and garage ☒ YES ○ NO,
in the city of *Woodbury*, the state of Minnesota, zip code *55125*, in the county of *Washington*
The agreement was from *2-1-11* to *1-31-12*. The current rent due and payable under this agreement each
month is $ *955* due on the *1st* day of the month.

2. The landlord of the premises described above is *Pondview Townhomes*

3. Landlord having present right of possession of said property, has complied with Minn. Stat. §504B.181 by:
☒ a. disclosing to the tenant either in the rental agreement or otherwise in writing prior to beginning of the tenancy the name and address of:
   i. the person authorized to manage the property AND
   ii. a landlord or agent authorized by the landlord to accept service of process and receive and give receipt for notices and demands, AND
☐ b. posting in a conspicuous place on the property a printed or typewritten notice containing the above information _____, OR
☒ c. the above information was known by the tenant not less than 30 days before the filing of this action because: *Lease & Letters*

4. Landlord seeks to have the tenant evicted for the following reasons:
☐ a. The tenant is still in possession of above premises and has failed to pay rent for the month(s) of ___ in the amount of $___ per month payable on the ___ day of each month for a total due of $___.
☐ b. The tenant has failed to vacate property after tenant ☐ was given ☐ gave written notice to do so. This notice was served on ☐ Tenant ☐ Landlord on ___ and tenant ☐ Was Told ☐ Gave notice to vacate the property by ___.
☒ c. The tenant has broken the terms of the rental agreement with property landlord by: (be specific) *unauthorized occupant living in unit*
☐ d. The tenant has breached the covenants set forth in Minn. Stat. §504B.171 by: (be specific) ___

5. The landlord seeks judgment against the above tenant(s) for restitution of said premises plus costs and disbursements herein.
I, (Name) *Jenel Sauber* Verification and Affidavit of Non Military Status being sworn/affirmed, state that I am the plaintiff/agent/attorney in this action, that I have read the complaint and that it is true to the best of my knowledge; that tenant(s) is/are not now in the military service of the United States, to the best of my information and belief.

Dated: *12-1-11*

Sworn/affirmed before me this *1st* day of *December 2011*

Notary Public \ Deputy Court Administrator

Signature: *Jenel Sauber*
Name: *Jenel Sauber*
Address: *4316 Woodduck PL*
City/State/Zip: *Woodbury MN 55125*
Telephone: *651-702-0776*

*Exh. 41*

C-UND-EVC-SMN                    UCF-18 (SCAO 10/02)                    Minn. Stat. § 504B.321

| | |
|---|---|
| State of Minnesota | District Court |
| Washington County | Tenth Judicial District |
| | Court File Number: 82-CV-11-6789 |
| | Case Type: Housing |

PONDVIEW TOWNHOMES
431 G WOODDUCK PL
WOODBURY MN 55125
Plaintiff (Landlord)

vs.

INEZ HUNTER
435H WOODDUCK PLACE
WOODBURY MN 55125
Defendant (Tenant)

**EVICTION SUMMONS**
**(Minn. Stat. § 504B.321)**

## THE STATE OF MINNESOTA TO THE ABOVE-NAMED DEFENDANT:

**YOU ARE SUMMONED** to appear before this Court on the date, time and place indicated below for a hearing on the attached Complaint. The original complaint is on file with the court. If you do not appear and contest the claim, judgment may be entered for the plaintiff/landlord.

**Hearing Date** set for December 15, 2011 at 9:00 AM in Washington County Courthouse

located at:   **14949 - 62nd St. N; PO Box 3802 Stillwater MN 55082**
              **651-430-6263**

**\*\*\*Notice: A Licensed attorney must sign the complaint and appear in court on behalf of a corporation or LLC. In Hennepin County only, Housing Court Rule 603 may permit a corporation or LLC to file and appear in court without a licensed attorney.\*\*\***

Jenel Sauber
Plaintiff/Agent/Attorney

651-702-0775
Phone Number

Issued by the Administrator of the above-named Court

**Annette Fritz**, Court Administrator

By: _____
     Deputy

### This is an EVICTION SUMMONS

On the date and at the time shown above, the judge will decide whether you will have to move or whether you can continue to stay in your home. You must be on time for court.

### IF YOU DON'T COME TO COURT

The judge can order you to move immediately; and if you do not move, the sheriff can move you out and put all your belongings into storage. You will then have to pay the storage and moving costs before you can get your belongings back.

### YOU HAVE RIGHTS

YOU HAVE THE RIGHT to come to court and tell your side of the case. For example,

- If you believe that all or some of the things that your landlord says in the attached papers are wrong, you can tell those things to the judge.
- If you believe that your landlord is trying to evict you because of something you did to protect your rights as a tenant, you can explain that to the judge.
- If the attached papers say that you have not paid rent, and you believe that your apartment is in bad condition and needs repairs, you can tell that to the judge. Bring total rent owed to court hearing.
- You may have other defenses. You should research the law or ask an attorney.
- You may come to court and speak for yourself or you may have a lawyer with you to represent you.
  **If you want a lawyer, you must get one right away.**



MNCIS-CIV-124          Original – Return to the Court Administrator with Proof of Service          Rev 6/2010

# PONDVIEW TOWNHOMES

November 22, 2011

Inez Hunter
435H Woodduck Place
Woodbury, MN 55125

Dear Inez:

It has come to my attention that you still have an unauthorized occupant living with you, named Dannez Hunter. His application was previously denied by us and you were told on October 5, 2011 he must vacate your unit by October 7, 2011, or you were in violation of your lease and Section 8 rules. He used your address as his current residence on the application with us and he has also been seen at your unit by numerous witnesses, as recently as this week. Today our Maintenance Tech and myself had to enter your unit to look for a leak and it is clear you have a male living with you.

If Dannez Hunter is not living with you he must provide us proof of this. Proof includes a copy of a signed lease at another location. This lease must have his signature on it, must be current and we must be able to verify that the landlord exists. Another form of proof is a current utility bill at another address that has his name on it. A driver's license or cell phone bill with another address on it is NOT an acceptable form of proof.

You must provide proof he is not living there to us no later than Noon on Monday, November 28th, 2011 or we will begin the process for eviction. If it comes to this, you will be responsible for all court and legal costs involved and it will be virtually impossible for you to find rental housing in the future and you may lose your Section 8 voucher. You may drop the proof in the rent drop box or see me in person on the 28th. As I have stated before you may give notice to vacate if you choose.

Thank you in advance for your immediate attention in this matter.

Sincerely,

Jenel Sauber
Property Manager
Pondview Townhomes

CC: HRA

Exh 25

To Be Completed by Owner, Manager, or Caretaker Only

CASE 0:13-cv-00121-MJD-AJB   Document 1-1   Filed 01/14/13   Page 36 of 57

(Complete all appropriate information and mail or fax to agency address/fax number on last page.)

**Note:** Completing this form does not guarantee rent payment.

| TENANT NAME | CASE NUMBER |
|---|---|
| Dannez Hunter | 1880548   197094 |

Und #

## General Information

| TENANT NAME | ADDRESS | APT NUMBER |
|---|---|---|
| Dannez Hunter | 10287 Bleeker | |

| CITY | COUNTY | STATE | ZIP CODE | PHONE NUMBER |
|---|---|---|---|---|
| Woodbury | Washington | MN | 55129 | 323-203-4371 |

| DATE MOVED IN | NO. ADULTS IN UNIT | CHILDREN IN UNIT | ARE YOU RELATED TO TENANT? | RELATIONSHIP |
|---|---|---|---|---|
| 11/3/11 | | N/A | ☐ Yes  ☒ No | |

DWELLING TYPE  ☐ Mobile home  ☐ Room (w/kitchen privileges)  ☐ Room & board (Complete section below)

☐ House  ☐ Duplex  ☐ Apartment  ☒ Room only  ☒ Other Specify Townhouse

Is the rent or room and board reduced by caretaking or other such tenant responsibilities?  ☐ Yes  ☒ No
If yes $_____ per  ☐ day  ☐ week  ☐ month  ☐ other _____

## Rental Information Section

Total rent for unit? $ 475          Damage deposit paid? $ 500 + Key

Amount of rent paid by tenant $ 475  per ☐ Week ☒ Month  Effective date 11/3/11

Is the current rent paid?  ☐ Yes  ☒ No

If yes, paid through _____          If not, amount due? $ 475.00 + $500.00 Security deposit

Is any portion of the rent paid by rental subsidy?  ☐ Yes  ☒ No

If yes, is the subsidy from Public Housing, HUD project properties or Section 8?  ☐ Yes  ☐ No  Amount $_____

Check (x) which utilities the tenant is responsible to pay:

☐ Cooking stove  ☐ Trash removal  ☐ Water/sewer  ☐ Electricity  ☐ Telephone  ☐ Heat (Type) _____  no

☐ Garage/plug-in   Is Garage or plug-in optional? ☒ No  ☐ Yes  Amount $_____

Is there an air conditioner in the unit?  ☐ Yes  ☒ No

Does tenant pay for A/C on their electric bill?  ☐ Yes  ☒ No

## Room and Board

Amount of room and board paid by tenant? $ 475  Per ☐ Week ☒ Month  Effective date 11/3/11

Laundry included? ☒ Yes  ☐ No      Phone included?  ☐ Yes  ☐ No

Is the current room and board paid?  ☐ Yes  Through _____   ☒ No  Amount due $_____

Meals included in room and board?  ☐ Breakfast  ☐ Lunch  ☐ Dinner  ☐ All   N/A

## Owner Data

| OWNER NAME (Please print) | DAYTIME PHONE NUMBER |
|---|---|
| April Garrett | (651) 387-7091 |

| STREET ADDRESS | CITY | COUNTY | STATE | ZIP CODE |
|---|---|---|---|---|
| 10287 Bleeker | Woobury | Washington | MN | 55129 |

| NAME OF LANDLORD/MANAGER COMPLETING FORM (Please print) | TITLE | PHONE NUMBER |
|---|---|---|
| April Garrett | landlord | (651) 387-7091 |

I hereby certify that the information above is complete, true and correct.  SSN #          Exh. 5

| SIGNATURE OF LANDLORD/MANAGER COMPLETING FORM ☞ | |
|---|---|
| April Garrett | 11/1/11 |

# NORTHSTAR RESIDENTIAL

11900 WAYZATA BLVD., SUITE 216C, MINNETONKA, MN 55305          (952) 544-0331   FAX (952) 544-0361

October 5, 2011

Ms. Inez Hunter
435H Woodduck Place
Woodbury, MN 55125

Dear Ms. Hunter,

This letter is a follow up to the letter that Jenel Sauber sent you on September 28, 2011 in regards to your son, Dannez living with you. Jenel's letter to you stated that he must vacate your apartment no later than October 3, 2011 because our lease specifies a 14 day "visitor" policy. I understand he is still living with you. This has become a violation of the lease you signed with Northstar Residential and Pondview Townhomes.

I am also in receipt of a letter Dannez sent to the Pondview email on October 4, 2011 asking he be allowed to stay living with you despite his felony conviction. Northstar Residential's screening criteria prohibits anyone who has EVER had a felony conviction from living at our properties. There is no time limit on the conviction.

I am sure you are aware that we must follow federal and state fair housing laws and treat all our residents the same. Because of Dannez's felony conviction he does not pass Northstar Residential screening criteria and therefore cannot continue to live with you at Pondview. We also cannot give him more time to find alternate arrangements.

If you would like to explore the option of finding another place to live with Dannez, we would do you the courtesy of letting you out of your lease with one month's written notice to vacate.

I expect that Dannez will move out of your apartment no later than Noon on Friday, October 7, 2011 or we will have to take further action.

Sincerely,

Jane Anderson
Director of Portfolio Operations
Northstar Residential

Delivered by hand
and via U.S. Mail

Exh. 3



September 28, 2011

Inez Hunter
439H Woodduck Place
Woodbury, MN 55125


Re: Dannez Hunter - Applicant


Dear Inez:

The applicant, Dannez Hunter, has a felony conviction on his criminal background, and per our criteria, is denied to be added to your household.

You have stated that he has been staying with you since September 20, 2011. He needs to vacate on or before Monday, October 3, 2011 or he will be considered an unauthorized occupant.

9/20/11

Sincerely,

Jenel Sauber
Manager

CC: HRA


Exh. 1





Exh. TIVFILE

# TENANT INCOME CERTIFICATION

| | |
|---|---|
| Effective Date: 02/01/2012 | |
| Move In Date: 02/01/2005 | |
| (MM/DD/YYYY) | |

[ ] Initial Certification     [ ] Recertification     [X] Other Correction

## PART I - DEVELOPMENT DATA

Property Name: Pondview Townhomes     County: Washington     BIN #: MN-02-92001
Address:       435 Woodduck Place, Woodbury, MN 55125     Unit Number: 435H     # Bedrooms: 2

## PART II - HOUSEHOLD COMPOSITION

| HH Mbr# | Last Name | First Name & Middle Initial | Relationship to Head of House | Date of Birth (MM/DD/YYYY) | F/T Student (Y or N) | Social Security or Alien Reg. No. |
|---|---|---|---|---|---|---|
| 1 | Hunter | Inez | HEAD | 10/19/1947 | N | |
| 2 | | | | | | |
| 3 | | | | | | |
| 4 | | | | | | |
| 5 | | | | | | |
| 6 | | | | | | |
| 7 | | | | | | |

## PART III - ANNUAL INCOME (USE ANNUAL AMOUNTS)

| HH Mbr# | (A) Employment or Wages | (B) Soc. Security/Pensions | (C) Public Assistance | (D) Other Income |
|---|---|---|---|---|
| 1 | $0.00 | $0.00 | $0.00 | $21,497.00 |
| Totals | $0.00 | $0.00 | $0.00 | $21,497.00 |

Add totals from ( A ) through ( D ), above     TOTAL INCOME ( E ): $21,497.00

## PART IV - INCOME FROM ASSETS

| HH Mbr# | (F) Type of Asset | (G) C/I | (H) Cash Value of Asset | (I) Annual Inc. from Asset |
|---|---|---|---|---|
| 1 | Checking | C | $50.00 | $0.00 |
| | Totals: | | $50.00 | $0.00 |

Total Cash Value     Passbook Rate
If (H) is over $5000 _____     X     0.02     = (J) Imputed Income

Enter the greater of the total of column I or J: imputed income     TOTAL INCOME FROM ASSETS (K)     $0.00

| (L) Total Annual Household Income from all Sources  Add (E) and (K) | $21,497.00 |
|---|---|

## HOUSEHOLD CERTIFICATION & SIGNATURES

The information on this form will be used to determine maximum income eligibility. I/we have provided for each person(s) set forth in Part II acceptable verification of current anticipated annual income. I/we agree to notify the landlord immediately upon any member of the household moving out of the unit or any new member moving in. I/we agree to notify the landlord immediately upon any member becoming a full time student.

Under penalties of perjury, I/We certify that the information presented in this Certification is true and accurate to the best of my/our knowledge and belief. The undersigned further understands that providing false representations herein constitutes an act of fraud. False, misleading or incomplete information may result in the termination of the lease agreement.

Exh. TIVF

_____     _____     _____     _____
Signature                      (Date)                      Signature                      (Date)

_____     _____     _____     _____
Signature                      (Date)                      Signature                      (Date)

Exh. TIVF 114

Tenant Income Certification                    1                    MHFA HTC 14 (1/03)

# TENANT INCOME CERTIFICATION

| | |
|---|---|
| Effective Date: 02/01/2012 | |
| Move In Date: 02/01/2005 | |
| (MM/DD/YYYY) | |

[ ] Initial Certification    [ ] Recertification    [X] Other Correction

## PART I - DEVELOPMENT DATA

Property Name: Pondview Townhomes    County: Washington    BIN #: MN-02-92001
Address:    435 Woodduck Place, Woodbury, MN 55125    Unit Number: 435H    # Bedrooms: 2

## PART II - HOUSEHOLD COMPOSITION

| HH Mbr# | Last Name | First Name & Middle Initial | Relationship to Head of House | Date of Birth (MM/DD/YYYY) | F/T Student (Y or N) | Social Security or Alien Reg. No. |
|---|---|---|---|---|---|---|
| 1 | Hunter | Inez | HEAD | 10/19/1947 | N | |
| 2 | | | | | | |
| 3 | | | | | | |
| 4 | | | | | | |
| 5 | | | | | | |
| 6 | | | | | | |
| 7 | | | | | | |

## PART III - ANNUAL INCOME (USE ANNUAL AMOUNTS)

| HH Mbr# | (A) Employment or Wages | (B) Soc. Security/Pensions | (C) Public Assistance | (D) Other Income |
|---|---|---|---|---|
| 1 | $0.00 | $0.00 | $0.00 | $21,497.00 |
| | $140.00 pen 18,318. | | | |
| | src 17,693.00 | | | |
| | 828.12 | | | |
| Totals | $0.00 | $0.00 | $0.00 | $21,497.00 |

Add totals from ( A ) through ( D ), above    TOTAL INCOME ( E ): $21,497.00

_30,978.12 J.H_

## PART IV - INCOME FROM ASSETS

| HH Mbr# | (F) Type of Asset | (G) C/I | (H) Cash Value of Asset | (I) Annual Inc. from Asset |
|---|---|---|---|---|
| 1 | Checking | C | $50.00 | $0.00 |
| | | Totals: | $50.00 | $0.00 |

Total Cash Value
If (H) is over $5000 _____    X    Passbook Rate 0.02    = (J) Imputed Income

Enter the greater of the total of column I or J: imputed income    TOTAL INCOME FROM ASSETS (K)    $0.00

(L) Total Annual Household Income from all Sources  Add (E) and (K)    $21,497.00
_30,978.12 J.H._

## HOUSEHOLD CERTIFICATION & SIGNATURES

The information on this form will be used to determine maximum income eligibility. I/we have provided for each person(s) set forth in Part II acceptable verification of current anticipated annual income. I/we agree to notify the landlord immediately upon any member of the household moving out of the unit or any new member moving in. I/we agree to notify the landlord immediately upon any member becoming a full time student.

Under penalties of perjury, I/We certify that the information presented in this Certification is true and accurate to the best of my/our knowledge and belief. The undersigned further understands that providing false representations herein constitutes an act of fraud. False, misleading or incomplete information may result in the termination of the lease agreement.

| _Inez Hunter_ | _5/7/13_ | | |
|---|---|---|---|
| Signature | (Date) | Signature | (Date) |

Exh. TIVF112

| | | | |
|---|---|---|---|
| Signature | (Date) | Signature | (Date) |

J.H. "all is correct as of 2-1-12"

# FAIR MARKET RENTS/PAYMENT STANDARDS
## 2008-2010

### 2008

| BEDROOM SIZE | 0 | 1 | 2 | 3 | 4 | 5 |
|---|---|---|---|---|---|---|
| FMR's | 593 | 699 | 848 | 1110 | 1247 | 1432 |
| PAYMENT STANDARDS | 619 | 725 | 882 | 1168 | 1318 | 1516 |
| SPACE RENT (Mobile Home) | $353 | | | | | |

### 2009

| BEDROOM SIZE | 0 | 1 | 2 | 3 | 4 | 5 |
|---|---|---|---|---|---|---|
| FMR's | 610 | 719 | 873 | 1143 | 1284 | 1477 |
| PAYMENT STANDARDS | 619 | 725 | 882 | 1168 | 1318 | 1516 |
| SPACE RENT (Mobile Home) | $353 | | | | | |

### 2010

| BEDROOM SIZE | 0 | 1 | 2 | 3 | 4 | 5 |
|---|---|---|---|---|---|---|
| PAYMENT STANDARDS/FMR's Effective 1/1/2010 | 628 | 741 | 899 | 1177 | 1322 | 1520 |
| SPACE RENT (Mobile Home) | $360 | | | | | |

Exh. TMR 111

Exh TMR III

Exhibit 1—Rent/Portion Chart

| Rent Change Date | Rent | Tenant Portion | HRA Portion | Payment Standard | |
|---|---|---|---|---|---|
| 02/2005-Move-in | $866 | $786 | $80 | $763 | |
| 06/2005-Interim | $866 | $145 | $721 | $763 | |
| 02/2006-Annual | $866 | $183 | $683 | $725 | |
| 02/2007 Annual | $879 (1.5% increase) | $619 | $260 | $725 | |
| 02/2008 Annual | $879 | $604 | $275 | $725 | |
| 06/2008 Interim | $879 | $600 | $279 | $725 | |
| 02/2009 Annual | $905 (2.95% increase) | $645 | $260 | $725 | |
| 02/2010 Annual | $930 (2.76% increase) | $620 | $310 | $741 | |
| 03/2010 Interim | $930 | $610 | $320 | $741 | |
| 04/2010 Interim | $930 | $604 | $326 | $741 | |
| 02/2011 Annual | $955 (2.69% increase) | $692 | $263 | $761 | |
| 02/2012 Annual | $963 (Proposed increase of .84%) | $707. | $248. | $761 | |

Exh. TIVP 110

# TENANT INCOME CERTIFICATION

| | |
|---|---|
| | Effective Date: 02/01/2011 |
| | Move In Date: 02/01/2005 |
| | (MM/DD/YYYY) |

[ ] Initial Certification          [X] Recertification          [ ] Other _____

## PART I - DEVELOPMENT DATA

Property Name: Pondview Townhomes          County: Washington          BIN #: MN-02-92001
Address:          435 Woodduck Place, Woodbury, MN 55125          Unit Number: 435H          # Bedrooms:          2

## PART II - HOUSEHOLD COMPOSITION

| HH Mbr# | Last Name | First Name & Middle Initial | Relationship to Head of House | Date of Birth (MM/DD/YYYY) | F/T Student (Y or N) | Social Security or Alien Reg. No. |
|---|---|---|---|---|---|---|
| 1 | Hunter | Inez | HEAD | 10/19/1947 | N | |
| 2 | | | | | | |
| 3 | | | | | | |
| 4 | | | | | | |
| 5 | | | | | | |
| 6 | | | | | | |
| 7 | | | | | | |

## PART III - ANNUAL INCOME (USE ANNUAL AMOUNTS)

| HH Mbr# | (A) Employment or Wages | (B) Soc. Security/Pensions | (C) Public Assistance | (D) Other Income |
|---|---|---|---|---|
| 1 | $0.00 | $0.00 | $0.00 | $20,837.00 |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| Totals | $0.00 | $0.00 | $0.00 | $20,837.00 |

Add totals from ( A ) through ( D ), above          TOTAL INCOME ( E ):          $20,837.00

## PART IV - INCOME FROM ASSETS

| HH Mbr# | (F) Type of Asset | (G) C/I | (H) Cash Value of Asset | (I) Annual Inc. from Asset |
|---|---|---|---|---|
| 1 | Other | C | $69.00 | $0.00 |
| 1 | Other | C | $141.00 | $0.00 |
| 1 | Checking | C | $25.00 | $0.00 |
| | | | | |
| | | | | |
| | | Totals: | $235.00 | $0.00 |

Total Cash Value          Passbook Rate
If (H) is over $5000 _____          X          0.02          = (J) Imputed Income

Enter the greater of the total of column I or J: imputed income          TOTAL INCOME FROM ASSETS (K)          $0.00

| (L) Total Annual Household Income from all Sources  Add (E) and (K) | $20,837.00 |
|---|---|

## HOUSEHOLD CERTIFICATION & SIGNATURES

The information on this form will be used to determine maximum income eligibility. I/we have pro___
current anticipated annual income. I/we agree to notify the landlord immediately upon any memb___
in. I/we agree to notify the landlord immediately upon any member becoming a full time student.

Under penalties of perjury, I/we certify that the information presented in this Certification is true a___
undersigned further understands that providing false representations herein constitutes an act of ___
termination of the lease agreement.

X _____          _____          Signat___
Signature          (Date)

_____          _____          Signat___
Signature          (Date)

*Inez please sign & return your new lease By 1-7-10*

*Exh. TWF109*

*Thx*

*Qnel*

T-276  P002/007 F-685

12-22-'09 14:33  FROM-

Property Name: ~~Foreview Townhomes~~

Address:    435 Woodduck Place, Woodbury, MN 5512    Unit Number: 435H    # Bedrooms:    2

## PART II - HOUSEHOLD COMPOSITION

| HH Mbr# | Last Name | First Name & Middle Initial | Relationship to Head of House | Date of Birth (MM/DD/YYYY) | F/T Student (Y or N) | Social Security or Alien Reg. No. |
|---|---|---|---|---|---|---|
| 1 | Hunter | Inez | H | 10/19/1947 | N | |
| 2 | | | | | | |
| 3 | | | | | | |
| 4 | | | | | | |
| 5 | | | | | | |
| 6 | | | | | | |
| 7 | | | | | | |

## PART III - ANNUAL INCOME (USE ANNUAL AMOUNTS)

| HH Mbr# | (A) Employment or Wages | (B) Soc. Security/Pensions | (C) Public Assistance | (D) Other Income |
|---|---|---|---|---|
| 1 | $0.00 | $0.00 | $0.00 | $20,827.00 |
| | | RSDI - 18,317 — | | |
| | | Pension - 1,682 — | | 20,831 — |
| | | annuity - 828 — | | |
| **Totals** | $0.00 | $0.00 | $0.00 | $20,827.00 |

Add totals from ( A ) through ( D ), above    TOTAL INCOME ( E ):    $20,827.00

## PART IV - INCOME FROM ASSETS

| HH Mbr# | (F) Type of Asset | (G) C/I | (H) Cash Value of Asset | (I) Annual Inc. from Asset |
|---|---|---|---|---|
| 1 | Checking | C | $50.00 | $0.00 |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| **Totals:** | | | $50.00 | $0.00 |

Total Cash Value    If (H) is over $5000 _____    Passbook Rate
X    0.02    = (J) Imputed Income    $0.00

Enter the greater of the total of column I or J: imputed income    TOTAL INCOME FROM ASSETS (K)    $0.00

| (L.) Total Annual Household Income from all Sources  Add (E) and (K) | $20,827.00 |
|---|---|

## HOUSEHOLD CERTIFICATION & SIGNATURES

The information on this form will be used to determine maximum income eligibility. I/we have provided for each person(s) set forth in Part II acceptable verification of current anticipated annual income. I/we agree to notify the landlord immediately upon any member of the household moving out of the unit or any new member moving in. I/we agree to notify the landlord immediately upon any member becoming a full time student.

Under penalties of perjury, I/we certify that the information presented in this Certification is true and accurate to the best of my/our knowledge and belief. The undersigned further understands that providing false representations herein constitutes an act of fraud. False, misleading or incomplete information may result in the termination of the lease agreement.

Exh. TIVF 108

_Inez Hunter_    12/30/09 / 12/28/09
Signature    (Date)

_____    _____
Signature    (Date)

_____    _____
Signature    (Date)

_____    _____
Signature    (Date)

Tenant Income Certification    1    MHFA HTC 14 (1/03)

# TENANT INCOME CERTIFICATION

| | |
|---|---|
| Effective Date: | 02/01/2009 |
| Move In Date: | 02/01/2005 |
| (MM/DD/YYYY) | |

[ ] Initial Certification     [X] Recertification     [ ] Other _____

## PART I - DEVELOPMENT DATA

| Property Name: Pondview Townhomes | County: Washington | BIN #: MN-02-92001 |
|---|---|---|
| Address:     435 Woodduck Place, Woodbury, MN 5512! | Unit Number: 435H | # Bedrooms:   2 |

## PART II - HOUSEHOLD COMPOSITION

| HH Mbr# | Last Name | First Name & Middle Initial | Relationship to Head of House | Date of Birth (MM/DD/YYYY) | F/T Student (Y or N) | Social Security or Alien Reg. No. |
|---|---|---|---|---|---|---|
| 1 | Hunter | Inez | H | 10/19/1947 | N | |
| 2 | | | | | | |
| 3 | | | | | | |
| 4 | | | | | | |
| 5 | | | | | | |
| 6 | | | | | | |
| 7 | | | | | | |

## PART III - ANNUAL INCOME (USE ANNUAL AMOUNTS)

| HH Mbr# | (A) Employment or Wages | (B) Soc. Security/Pensions | (C) Public Assistance | (D) Other Income |
|---|---|---|---|---|
| 1 | $0.00 | $0.00 | $0.00 | $20,005.00 |
| | | | | |
| | | | | |
| | | | | |
| Totals | $0.00 | $0.00 | $0.00 | $20,005.00 |
| Add totals from ( A ) through ( D ), above | | | TOTAL INCOME ( E ): | $20,005.00 |

## PART IV - INCOME FROM ASSETS

| HH Mbr# | (F) Type of Asset | (G) C/I | (H) Cash Value of Asset | (I) Annual Inc. from Asset |
|---|---|---|---|---|
| 1 | Checking | C | $50.00 | $0.00 |
| | | | | |
| | | | | |
| | | | | |
| | | Totals: | $50.00 | $0.00 |

| | | | | |
|---|---|---|---|---|
| Total Cash Value | | Passbook Rate | | |
| If (H) is over $5000 | $50.00 | X | 0.02 | = (J) Imputed Income | $0.00 |
| Enter the greater of the total of column I or J: Imputed Income | | | TOTAL INCOME FROM ASSETS (K) | $0.00 |

| (L) Total Annual Household Income from all Sources  Add (E) and (K) | $20,005.00 |
|---|---|

## HOUSEHOLD CERTIFICATION & SIGNATURES

The information on this form will be used to determine maximum income eligibility. I/we have provided for each person(s) set forth in Part II acceptable verification of current anticipated annual income. I/we agree to notify the landlord immediately upon any member of the household moving out of the unit or any new member moving in. I/we agree to notify the landlord immediately upon any member becoming a full time student.

Under penalties of perjury, I/we certify that the information presented in this Certification is true and accurate to the best of my/our knowledge and belief. The undersigned further understands that providing false representations herein constitutes an act of fraud. False, misleading or incomplete information may result in the termination of the lease agreement.

| Signature | (Date) 1/16/09 | Signature | Exh. TIVF 107 (Date) |
|---|---|---|---|
| Signature | (Date) | Signature | (Date) |

| ☐ Initial<br>☒ Recertification<br>☐ Add a Household Member | HOUSING TAX CREDIT<br>ELIGIBILITY APPLICATION | Move-in Date<br>$ 965 Rent Amount 2·129 |
|---|---|---|

Property Name **PONDVIEW TOWNHOMES**

Address **WOODDUCK PL, WOODBURY, MN 55125**    Unit # 735H

## HOUSEHOLD COMPOSITION

Applicants/residents, complete this application in your own handwriting. List all persons who will be living in the unit. Give the relationship of each family member to the head of household. If this eligibility application is being completed by an applicant who is applying for occupancy with an existing household, only include the information for the new applicant.

Each household member age 18 years or older and under age 18 if head, spouse, or co-head of household must disclose income and assets and sign and date this application. All applicants/tenants must also complete an Annual Student Certification (HTC 35).

| | HOUSEHOLD MEMBER'S NAME | RELATIONSHIP | DATE OF BIRTH | HAS/WILL THIS PERSON BE A STUDENT* DURING THIS AND/OR THE UPCOMING CALENDAR YEAR? YES/NO | SOCIAL SECURITY NUMBER |
|---|---|---|---|---|---|
| 1 | INEZ HUNTER | HEAD | 10-19-47 | NO | |
| 2 | | | | | |
| 3 | | | | | |
| 4 | | | | | |
| 5 | | | | | |
| 6 | | | | | |
| 7 | | | | | |
| 8 | | | | | |

* Include public and private elementary, junior & senior high, college, university, technical, trade, and mechanical schools. Do not include on-the-job-training courses.

## HOUSEHOLD INCOME INFORMATION

List current and anticipated income for the twelve-month period beginning on the anticipated move-in date or effective date of recertification. Include **all** full time, part time or seasonal income even if completing this application in the off-season.

**DO YOU RECEIVE OR EXPECT TO RECEIVE**
(check either YES or NO to each item, as applicable, and include gross monthly amount):

| YES | NO | | Gross Monthly Amount |
|---|---|---|---|
| | ✓ | 1. Wages, salaries (include overtime, tips, bonuses, commissions) . . . . . . . . . . . | $ |
| | ✓ | 2. Does any member work for someone who pays them in cash or is self-employed. | $ |
| | ✓ | 3. Regular pay for a member of the armed forces . . . . . . . . . . . . . . . . | $ |
| | ✓ | 4. Public Assistance (MFIP, GA) . . . . . . . . . . . . . . . . . . . . . . | $ |
| | ✓ | 5. Worker's compensation . . . . . . . . . . . . . . . . . . . . . . . . . | $ |
| | ✓ | 6. Unemployment benefits or severance pay . . . . . . . . . . . . . . . . . | $ |
| | ✓ | 7. Student financial assistance (public or private, not including student loans) . . . . | $ |
| | ✓ | 8. Child support (check yes if you have a court order, even if you are not receiving the full amount awarded) | $ |
| | ✓ | 9. Alimony/Spousal Maintenance . . . . . . . . . . . . . . . . . . . . . . | $ |
| ✓ | | 10. Social Security income (including unearned income of minor children) . . . . . | $ 1410.00 |
| ✓ | | 11. Disability benefits including social security disability . . . . . . . . . . . . | $ |
| ✓ | | 12. Regular payments from pensions (PERA, railroad, etc.) . . . . . . . . . . . | $ 141.00 |
| | ✓ | 13. Regular payments from retirement benefits . . . . . . . . . . . . . . . . | $ |
| | ✓ | 14. Death Benefits . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $ |
| | ✓ | 15. Regular payments from annuities or life insurance dividends . . . . . . . . . | $ |
| | ✓ | 16. Regular payments from inheritance, insurance settlement, lottery winnings, etc. . . | $ |
| | ✓ | 17. Net income from rental property . . . . . . . . . . . . . . . . . . . . . | $ |
| | ✓ | 18. Regular cash and non-cash contributions, assistance with paying bills or gifts from individuals not living in the unit (not including groceries) . . . . . . . . . . . . _____ | $ |
| | | 19. Other (list) _____ | $ |
| | | 20. Other (list) _____ | |

1 of 3

MHFA HTC Eligibility Application (1/08)

Exh. TIVF 106

# NORTHSTAR RESIDENTIAL, LLC
**11900 WAYZATA BLVD # 216C**
**MINNETONKA, MN 55305**

**Address of Unit**
4354 *Woodduck Place*
*Woodbury MN 55126*

## LEASE

Community Name: *Pondview Townhomes*    Date: *12/20/09*

Legal Name(s) of all Occupants: A) *Inez Hunter*    B) _____
C) _____    D) _____

Resident Home Telephone Number: *TH*    Business Telephone: _____

Type of Unit: *TH*    Security Deposit $ *760*    A) _____    B) _____

Actual Date of Move-In: *2-1-05* Prorate $ _____ Lease Begins/Renews (circle one): *2-1-10* (Date) for *12* months.

Lease Expires: *1-31-11* (at noon on that last day of month)

Monthly Rental Payment of $ *930* is to be paid in full on or before the first day of each month by one check or money order.

Other Monthly Charges: $ _____ for: _____

Other Monthly Charges: $ _____ for: _____

Total Monthly Rent: $ *930*

**Service charges: All late fees and service charges can and will be withheld from security deposit if not paid upon move-out.**

● Late Charge if total rent and all charges due are not paid in full by 4:00 p.m. on the ___5th___ day of the month $ *50.00*

● Return check charge $ *30.00*    Additional Late Fee $ *50.00*. After the *5th* day of the

● Re-rental Agreement Fee (if any) $ *250.00 plus signed* form    month in which it is due.

● Transfer Fee (if any) $ *250.00 plus new deposit*    Reconditioning Fee $ *450.00* N/A

**Notice Period:** The notice period is two full and complete calendar months on or before the last day of the existing Lease. Notice is to be received by Management office in *writing* unless indicated otherwise herein.    *Deposit of $760.00 already*

Utilities included in rent:  ☐ Heat  ☑ Water  ☐ Gas  ☑ Garbage  ☐ Electricity    *paid when I moved in*

Utilities paid separately to Resident: ☐ Heat  ☐ Water  ☑ Gas  ☐ Garbage  ☑ Electricity

Additional  agreements  (see  Community  Handbook  *(attached)*  )

*Tax Credit Addendum, Crime Free Addendum, Handbook*
~~Care and Maintenance of your Unit instructions~~

Management (acting as agent for owner of the premises) and Resident agree and acknowledge to the terms of this Lease as written both above and below these signatures and on any attachments that may be part of this Lease, specifically, the printed Community Handbook and any Rules and Regulations printed on the reverse side of the application, damage deposit, etc. All residents are jointly responsible for all terms and conditions of this Lease. This signed receipt or acknowledgment is prima facie evidence that the tenant has received a copy of the Lease and Handbook.

Management:    Northstar Residential, LLC  (Agent for Owner)  By: *Janel Sauter*  Date: *12/20/09*

Resident(s):

By: *Inez Hunter*  Date: *12/30/09*  By: _____  Date: _____

By: _____  Date: _____  By: _____  Date: _____

**Lead disclosure:** ☐ The community was constructed prior to 1978 and I/we received Lead Disclosure and Pamphlet.
☒ The community was not constructed prior to 1978.

The following is required by Minnesota Statutes, Section 504B.181

The Company authorized to manage these premises and authorized to accept service of process and receive and give receipts for notices and demands is:

Northstar Residential, LLC, 11900 Wayzata Blvd #216C, Minnetonka, MN 55305, Telephone 952-544-0331    *Exh. TIVF 105*

## TERMS OF THIS LEASE:

1. **Payment:** Resident will pay the full monthly rent before midnight of the first day of each month while this Lease is in effect and during any extensions or renewals of this Lease. Rent will be paid as required.

2. **Who is responsible for rent:** Each Resident is individually responsible for paying the full amount of rent and any other money owed.

3. **Duty to pay rent after eviction:** If Resident is evicted because Resident violated a term of this Lease, Resident must still pay the full monthly rent until a) the Unit is re-rented; b) the date of this Lease ends; or c) if the Lease is month-to-month, the next notice period ends. If the Unit is re-rented for less than the rent due under this Lease, Resident will be responsible for the difference until the date this Lease ends or, if the Lease is month-to-month, until the end of the next notice period.

4. **Late rent service fee, returned check fee and electronic fund authorization:** Resident will pay the late charge(s) listed above if Resident does not pay the full monthly rent and any other charges or fees on the date due. Resident will also pay a fee for any check returned as nonpayment by a bank for any reason. If a check is returned as nonpayment, Management may require Resident to pay rent in the form of a money order, cashier's check or automatic bank transfer thereafter. When you provide a check as payment, you authorize Management to use information from the check to make

# TENANT INCOME CERTIFICATION

| Effective Date: | 02/01/2010 |
| Move In Date: | 02/01/2005 |
| (MM/DD/YYYY) | |

[ ] Initial Certification    [X] Recertification    [ ] Other _____

## PART I - DEVELOPMENT DATA

Property Name: Pondview Townhomes    County: Washington    BIN #: MN-02-92001
Address:    435 Woodduck Place, Woodbury, MN 5512    Unit Number: 435H    # Bedrooms: 2

## PART II - HOUSEHOLD COMPOSITION

| HH Mbr# | Last Name | First Name & Middle Initial | Relationship to Head of House | Date of Birth (MM/DD/YYYY) | F/T Student (Y or N) | Social Security or Alien Reg. No. |
|---------|-----------|------------------------------|-------------------------------|----------------------------|----------------------|-----------------------------------|
| 1 | Hunter | Inez | H | 10/19/1947 | N | |
| 2 | | | | | | |
| 3 | | | | | | |
| 4 | | | | | | |
| 5 | | | | | | |
| 6 | | | | | | |
| 7 | | | | | | |

## PART III - ANNUAL INCOME (USE ANNUAL AMOUNTS)

| HH Mbr# | (A) Employment or Wages | (B) Soc. Security/Pensions | (C) Public Assistance | (D) Other Income |
|---------|-------------------------|----------------------------|-----------------------|------------------|
| 1 | $0.00 | $0.00 | $0.00 | $20,827.00 |
| | | | | |
| | | | | |
| | | | | |
| Totals | $0.00 | $0.00 | $0.00 | $20,827.00 |

Add totals from ( A ) through ( D ), above    TOTAL INCOME ( E ): $20,827.00

## PART IV - INCOME FROM ASSETS

| HH Mbr# | (F) Type of Asset | (G) C/I | (H) Cash Value of Asset | (I) Annual Inc. from Asset |
|---------|-------------------|---------|-------------------------|----------------------------|
| 1 | Checking | C | $50.00 | $0.00 |
| | | | | |
| | | | | |
| | Totals: | | $50.00 | $0.00 |

Total Cash Value _____    Passbook Rate
If (H) is over $5000    X    0.02    = (J) Imputed Income
Enter the greater of the total of column I or J: imputed income    TOTAL INCOME FROM ASSETS (K)    $0.00

(L) Total Annual Household Income from all Sources  Add (E) and (K)    $20,827.00

## HOUSEHOLD CERTIFICATION & SIGNATURES

The information on this form will be used to determine maximum income eligibility. I/we have provided for each person(s) set forth in Part II acceptable verification of current anticipated annual income. I/we agree to notify the landlord immediately upon any member of the household moving out of the unit or any new member moving in. I/we agree to notify the landlord immediately upon any member becoming a full time student.

Under penalties of perjury, I/We certify that the information presented in this Certification is true and accurate to the best of my/our knowledge and belief. The undersigned further understands that providing false representations herein constitutes an act of fraud. False, misleading or incomplete information may result in the termination of the lease agreement.

Exh. TIVF 104

| Inez Hunter | 12/30/09 | | |
| Signature | (Date) | Signature | (Date) |

| | | | |
| Signature | (Date) | Signature | (Date) |

435H

# Crime Free Lease Addendum
## Northstar Residential

In consideration of the execution or renewal of a lease of the dwelling unit identified in the lease, owner and resident agree as follows:

1. Resident, any member of the resident's household, guest, or other person under the resident's control shall not engage in illegal activity, including drug-related activity, on or near the said premises. "Drug-related criminal activity" means the illegal manufacture, sale, distribution, use or possession with intent to manufacture, sell, distribute, or use of a controlled substance (as defined in Section 102 of the Controlled Substance Act [21 U.S.C. 802]).

2. Resident(s), any members of the resident's household, a guest, or other person under the resident's control shall not engage in any act intended to facilitate illegal activity, including drug-related activity, on or near the said premises.

3. Resident or members of the household will not permit the dwelling unit to be used for, or to facilitate illegal activity, including drug-related illegal activity, regardless of whether the individual engaging in such activity is a member of the household or guest.

4. Resident, any member of the resident's household, guest, or other person under the resident's control shall not engage in the unlawful manufacturing, selling, using, storing, keeping or giving of a controlled substance at any locations, whether on or near the dwelling unit premises or otherwise.

5. Resident, any member of the resident's household, guest, or other person under the resident's control shall not engage in any illegal activity, including prostitution, criminal street gang activity, threatening or intimidating or assaultive behavior including, but not limited to, the unlawful discharge of firearms, on or near the dwelling unit premises, or any breach of the lease agreement that otherwise jeopardizes the health, safety and welfare of the landlord, his agent or other residents, or involving imminent or actual serious property damage.

## VIOLATION OF THE ABOVE PROVISIONS SHALL BE MATERIAL AND IRREPARABLE VIOLATION OF THE LEASE AND GOOD CAUSE FOR IMMEDIATE TERMINATION OF TENANCY.

*A single violation of any of the provisions of this added addendum shall be deemed a serious violation and material non-compliance with the lease. It is understood and agreed that a single violation shall be good cause for termination of the lease. Unless otherwise provided by law, proof of violation shall not require criminal conviction, but shall be by the preponderance of the evidence.*

In the case of conflict between the provisions of this addendum and any other provision of the lease, the provisions of the addendum govern. This lease addendum is incorporated into the lease executed or renewed this day between Owner and Resident(s).

_____  12/28/09
Management signature and date

_____  12/30/09
Resident signature and date

_____
Resident signature and date

Exh. TIVF 103

A5

# TENANT INCOME CERTIFICATION

| | |
|---|---|
| Effective Date: 02/01/2012 | |
| Move In Date: 02/01/2005 | |
| (MM/DD/YYYY) | |

[ ] Initial Certification        [ ] Recertification        [X] Other <u>Correction</u>

## PART I - DEVELOPMENT DATA

Property Name: Pondview Townhomes        County: Washington        BIN #: MN-02-92001
Address:        435 Woodduck Place, Woodbury, MN 55125        Unit Number: 435H        # Bedrooms:   2

## PART II - HOUSEHOLD COMPOSITION

| HH Mbr# | Last Name | First Name & Middle Initial | Relationship to Head of House | Date of Birth (MM/DD/YYYY) | F/T Student (Y or N) | Social Security or Alien Reg. No. |
|---|---|---|---|---|---|---|
| 1 | Hunter | Inez | HEAD | 10/19/1947 | N | |
| 2 | | | | | | |
| 3 | | | | | | |
| 4 | | | | | | |
| 5 | | | | | | |
| 6 | | | | | | |
| 7 | | | | | | |

## PART III - ANNUAL INCOME (USE ANNUAL AMOUNTS)

| HH Mbr# | (A) Employment or Wages | (B) Soc. Security/Pensions | (C) Public Assistance | (D) Other Income |
|---|---|---|---|---|
| 1 | $0.00 | $0.00 | $0.00 | $21,497.00 |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| Totals | $0.00 | $0.00 | $0.00 | $21,497.00 |
| Add totals from ( A ) through ( D ), above | | | TOTAL INCOME ( E ): | $21,497.00 |

## PART IV - INCOME FROM ASSETS

| HH Mbr# | (F) Type of Asset | (G) C/I | (H) Cash Value of Asset | (I) Annual Inc. from Asset |
|---|---|---|---|---|
| 1 | Checking | C | $50.00 | $0.00 |
| | | | | |
| | | | | |
| | | | | |
| | | Totals: | $50.00 | $0.00 |

| | | | |
|---|---|---|---|
| Total Cash Value | Passbook Rate | | |
| If (H) is over $5000 _____ | X    0.02    = | (J) Imputed Income | |
| Enter the greater of the total of column I or J: imputed income | | TOTAL INCOME FROM ASSETS (K) | $0.00 |

| (L) Total Annual Household Income from all Sources   Add (E) and (K) | $21,497.00 |
|---|---|

## HOUSEHOLD CERTIFICATION & SIGNATURES

The information on this form will be used to determine maximum income eligibility.  I/we have provided for each person(s) set forth in Part II acceptable verification of current anticipated annual income.  I/we agree to notify the landlord immediately upon any member of the household moving out of the unit or any new member moving in.  I/we agree to notify the landlord immediately upon any member becoming a full time student.

Under penalties of perjury, I/We certify that the information presented in this Certification is true and accurate to the best of my/our knowledge and belief.  The undersigned further understands that providing false representations herein constitutes an act of fraud.  False, misleading or incomplete information may result in the termination of the lease agreement.

| | | | |
|---|---|---|---|
| X_____ | | | |
| Signature | (Date) | Signature | (Date) |

| | | | |
|---|---|---|---|
| _____ | | | |
| Signature | (Date) | Signature | (Date) |

*"All is correct as of 2-1-12"*

*Exh. 101*

STATE OF MINNESOTA                          DISTRICT COURT

COUNTY OF WASHINGTON                  TENTH JUDICIAL DISTRICT

---

Pondview Townhomes,

        Plaintiff,

            vs.                       TRANSCRIPT OF PROCEEDINGS

Inez Hunter,

        Defendant.

---

        The above-entitled matter came on for hearing
before the Honorable Tad V. Jude, judge of the
above-named court, on the 15th day of December, 2011, in
the Courthouse in the City of Stillwater, County of
Washington, State of Minnesota.


                APPEARANCES:


        Jenel Sauber, appearing as agent for the
Plaintiff.

        Andrea Jepsen, Attorney at Law, appearing as
counsel for and on behalf of the Defendant.

Exh. CT100

```
 1   WHEREUPON,
 2         the following proceedings were had:
 3
 4              THE COURT:  We have the case of Pondview
 5   Townhomes versus Inez Hunter.
 6              MS. JEPSEN:  Yes.
 7              THE COURT:  And we'll have counsel identify
 8   themselves.
 9              MS. JEPSEN:  Andrea Jepsen from Southern
10   Minnesota Regional Legal Services representing
11   Ms. Hunter.
12              MS. SAUBER:  Jenel Sauber, J-E-N-E-L
13   S-A-U-B-E-R, agent for owner.
14              THE COURT:  Okay, and Ms. Sauber, you're the
15   moving party here?
16              MS. SAUBER:  Property manager.
17              THE COURT:  Yah.  You're the one who brought
18   the eviction action?
19              MS. SAUBER:  Yes.
20              THE COURT:  And have you had discussions
21   regarding it?
22              MS. SAUBER:  We have.
23              THE COURT:  Okay.  Has there been a resolution?
24              MS. SAUBER:  I believe so.
25              MS. JEPSEN:  Yes, Your Honor, we understand we
```

Exh. CT 101

1    have a settlement.  We have an agreement.

2         THE COURT:  Okay, good.  Would you care to

3    describe it then?

4         MS. JEPSEN:  I sure would.  The parties have

5    agreed that Ms. Hunter's lease will end on January 31,

6    2013, and the parties have also agreed to expungement.

7         THE COURT:  Okay.  So the lease will terminate

8    or end on January 31, 2013?

9         MS. JEPSEN:  Yes, Your Honor.

10        THE COURT:  That would be a year and one month?

11        MS. JEPSEN:  That's right, Your Honor.

12        THE COURT:  And there will be expungement of

13   any record of eviction?

14        MS. JEPSEN:  Yes, Your Honor.

15        THE COURT:  Okay.  Are there any other

16   agreements then beyond that?

17        MS. JEPSEN:  No, Your Honor.

18        THE COURT:  Okay.  So the lease terms in other

19   respects remain the same?

20        MS. JEPSEN:  That's right, Your Honor.

21        THE COURT:  So in terms of -- the rental amount

22   will stay the same every month?

23        MS. JEPSEN:  Yes, Your Honor.

24        MS. SAUBER:  Well, she's renewing in February.

25        THE COURT:  She'll renew in February?

Exh. CT102

1    MS. SAUBER:  Yes, and that's when the new rate

2    will take effect until January.

3    THE COURT:  So there will be a new rate from

4    February until January of next year and you've agreed on

5    that rate?

6    MS. SAUBER:  It's a renewal rate.  She's aware

7    of it.

8    MS. JEPSEN:  I'm not aware of it so maybe we

9    can -- this is a rental increase?

10   MS. SAUBER:  It's a standard annual increase.

11   Section 8 was notified as well.

12   THE COURT:  So it's the typical Section 8

13   increase?

14   MS. SAUBER:  Correct.

15   MS. JEPSEN:  Do you know what the rent will be?

16   MS. SAUBER:  I don't have it in front of me

17   because we don't have a lease yet.  I'd have to look it

18   up, I'm sorry.

19   MS. JEPSEN:  We're fine with that if that's the

20   agreement, I guess.

21   THE COURT:  Essentially in every major respect

22   the lease will stay the same?

23   MS. JEPSEN:  That's right, Your Honor.

24   MS. SAUBER:  Yes.

25   THE COURT:  And in terms of having unauthorized

Exh. CT103

1    people living at the apartment, those terms remain the

2    same?

3              A VOICE:  They have shown us proof that he's

4    not.

5              THE COURT:  Okay.  Okay.  So those terms all

6    remain the same?

7              MS. JEPSEN:  The terms involving guests, the

8    lease as it's written allows a guest to stay for 14 days

9    and that term remains the same.

10             THE COURT:  Okay.  Good.

11             A VOICE:  Can I say something?

12             THE COURT:  Sure.

13             A VOICE:  We probably want her to sign another

14   lease with the same rate and stuff on it.

15             MS. JEPSEN:  I think that's fine.

16             A VOICE:  Unless she wants to be in a month to

17   month.

18             MS. JEPSEN:  No, I think we want the lease term

19   to end in 2013.

20             THE COURT:  Okay.  And your name is Andrea

21   Jepsen?

22             MS. JEPSEN:  Yes, Your Honor.  J-E-P-S-E-N.

23             THE COURT:  Okay.  So lease terms will remain

24   in effect until January 31, 2013.

25             All records of an eviction action are hereby

Exh. CT104

1  expunged.

2          MS. JEPSEN:  Thank you, Your Honor.

3          THE COURT:  Okay.  Is there anything else we

4  need to cover?

5          MS. JEPSEN:  Not that I can think of, Your

6  Honor.

7          MS. SAUBER:  Thank you.

8          THE COURT:  Okay.  Well, good luck.

9          MS. JEPSEN:  Thank you so much.

10                    - - -

11              REPORTER'S CERTIFICATE

12          I, Gregory M. Cosgrove, Registered Professional

13  Reporter, do hereby certify that I reported the

14  foregoing matter and that the foregoing transcript has

15  been carefully compared by me with my stenographic notes

16  as taken by me in machine shorthand and by me thereafter

17  transcribed, and that it is a true and correct

18  transcript of the proceedings had in said matter to the

19  best of my knowledge.

20          Dated this 24th day of July, 2012.

21

22

23  _____

24              Gregory M. Cosgrove, RPR

25

Exh. CT 105