UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| INEZ HUNTER, and<br>DANNEZ HUNTER,<br><br>          Plaintiffs,<br><br>v.<br><br>STATE OF MINNESOTA, CITY OF WOODBURY, a municipal corporation, WASHINGTON COUNTY, a municipal corporation, WASHINGTON COUNTY HOUSING AND REDEVELOPMENT AUTHORITY, CITY OF SAINT PAUL, a municipal corporation, SAINT PAUL PUBLIC HOUSING AGENCY, U.S. DEPARTMENT OF JUSTICE, MINNESOTA ATTORNEY GENERAL, L.L.C.<br><br>          Defendants. | Civil No. 13-121 (MJD/AJB)<br><br><br><br>**REPORT AND RECOMMENDATION** |

Plaintiffs commenced this action by filing a self-styled civil complaint, and an application by one of the Plaintiffs, Dannez Hunter, seeking leave to proceed in forma pauperis, ("IFP"). (Docket Nos. 1 and 2.) The Court previously examined Plaintiffs' submissions, and determined that (a) their complaint was gravely deficient, and (b) they could not be excused from paying the filing fee for this action, unless co-Plaintiff Inez Hunter showed that she was eligible for IFP status. Therefore, in an order dated June 5, 2013, (Docket No. 9), the Court informed Plaintiffs that they must (a) file an amended complaint that cured the deficiencies found in their original pleading, and (b) either pay the filing fee for this action, or else submit an IFP application by Plaintiff Inez Hunter. The order expressly advised Plaintiffs that if they did not satisfy both of those prescribed

requirements by July 15, 2013, the Court would recommend that this action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

The deadline for complying with the Court's last order has now expired. To date, however, Plaintiffs have not filed an amended complaint, nor have they paid the filing fee or filed an IFP application by Inez Hunter. Indeed, Plaintiffs have not contacted the Court about this matter at all for several months. Therefore, the Court will now recommend, in accordance with the prior order, that this action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b). See Henderson v. Renaissance Grand Hotel, 267 Fed.Appx. 496, 497 (8th Cir. 2008) (unpublished opinion) ("[a] district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order"); see also Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962) (recognizing that a federal court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases").

Based upon the above, and upon all the records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff Dannez Hunter's application to proceed in forma pauperis, (Docket No. 2), be **DENIED**; and

2. This action be **DISMISSED WITHOUT PREJUDICE**.

Dated: July ___29___, 2013

                                                   s/ Arthur J. Boylan
                                                   ARTHUR J. BOYLAN
                                                   Chief United States Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation

by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before <u>August 12, 2013</u>.